A minor petitions this Court to review a judgment of the Court of Civil Appeals, 595 So.2d 496, affirming a judgment of the juvenile court denying her petition for a waiver of parental consent to an abortion. We remand.
The minor, a 17-year-old child, resides with her parents. She currently attends high school and her grades are average or above. On approximately December 1, 1991, she was examined by a physician and found to be pregnant. On December 17, alleging that she was approximately 32 days into her pregnancy, she filed a petition in the juvenile court for a waiver of parental consent to an abortion. Pursuant to her request, the court appointed an attorney to represent her. On December 19, 1991, following a hearing, the court entered a judgment denying the petition. On January 2, 1992, the Court of Civil Appeals *Page 498 
affirmed the judgment of the juvenile court.
In her petition for review before this Court, the minor contends that the juvenile court failed to follow the procedure prescribed by the Parental Consent Act, Ala. Code 1975, §26-21-4(f) and (g). These subsections provide:
 "(f) The required consent shall be waived if the court finds either:
 "(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
 "(2) That performance of the abortion would be in the best interest of the minor.
 "(g) A court that conducts proceedings under this section shall issue written and specific factual findings and legal conclusions supporting its decision and shall order that a confidential record of the evidence be maintained for at least four years."
(Emphasis added.) Thus, under this section, the petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own,and (2) that performance of the abortion would not be in her best interests.
Following its hearing on the matter, the juvenile court issued the following judgment:
 "After hearing the testimony presented and considering same, the court finds as follows:
 "1. That the child's concerns about her parent's reactions are speculative and her fears are not substantiated by any testimony regarding past behavior or conversations with her parents.
 "2. The court does not find that consent of her parents is not in her best interest; therefore, the request is hereby denied."
The petitioner contends that the juvenile court erred in two respects. First, she contends that the court applied the wrong test in its determination that abortion was not in her best interest. Second, she argues that the court failed to enter on the record the specific facts on which it must also necessarily have concluded, in order to satisfy the statute's first prong, that she was immature and not well enough informed to make the abortion decision on her own.
Touching briefly on the petitioner's first contention, we note that she presented considerable testimony bearing on the question whether abortion was in her best interest. She expressed fears that the news of her pregnancy would "ruin" her relationship with her parents and that she might be forced to leave home as a consequence. She further testified that the putative father, who was also a minor and currently attending high school, was in no better position to raise a child than she. She stated that she would not be able to raise a child and attend college simultaneously and that her parents, who were both employed fulltime, would be unable to forgo employment to help her raise a child.
The minor's testimony included a number of factors relevant in determining whether abortion is in her best interest. As this Court observed in Ex parte Anonymous, 531 So.2d 901
(Ala. 1988), a number of factors are relevant in making such a decision:
 "The plurality in [Bellotti v. Baird, 443 U.S. 622, 642-43, 99 S.Ct. 3035, 304748, 61 L.Ed.2d 797
(1979),] indicated some considerations relevant to a finding that an abortion is not in a minor's best interest:
 " '[A]n abortion may not be the best choice for the minor. The circumstances in which this issue arises will vary widely. In a given case, alternatives to abortion, such as marriage to the father of the child, arranging for its adoption, or assuming the responsibilities of motherhood with the assured support of family, may be feasible and relevant to the minor's best interests.' "
Ex parte Anonymous, 531 So.2d at 905-06. Despite testimony that a number of these options were unavailable to the minor, these factors were apparently given no consideration by the juvenile court. Indeed, it *Page 499 
appears from the record that the only basis for the judgment was the court's apparent disbelief of the minor's testimony concerning the impact of her pregnancy on her relationship with her parents. In using this as its only basis for denying the petitioner the relief requested, the trial court failed to address other factors which the statute requires in order to make detailed findings. The factor which it did consider, while not entirely irrelevant to the concerns addressed under the second prong of the statute, is clearly not dispositive. We need not prolong consideration of this issue, however, because the judgment of the juvenile court was clearly deficient in respect to the petitioner's second argument.
As already noted, the court did not find or conclude on the record that the minor was immature and not well enough informed to make the abortion decision on her own. Indeed, the record would not support that conclusion. On the contrary, her testimony exhibits relative understanding and sophistication. For example, she testified that prior to filing her petition, she had solicited information and advice from a number of sources. She discussed the matter with the putative father and with her two older sisters, both of whom were married.[1] Perhaps more significantly, she consulted with a "Pro-life" organization[2] located in Birmingham. She also testified that she had considered a number of options and had been advised by professionals regarding the medical and physical ramifications of the procedure.
These factors militate strongly against a finding that this minor was too immature and ill-informed to make the abortion decision on her own. Her voluntary decision to resort to the judicial procedure, specifically requesting the advice of legal counsel, may, of itself, indicate maturity. In re Anonymous,515 So.2d 1254 (Ala.Civ.App. 1989). In addition, her decision to seek advice from a group opposed to abortion in order to get a broader perspective on the issue demonstrates maturity. In view of these facts and the complete absence of the statutorily required finding by the juvenile court on the issue of maturity, we conclude that the judgment denying the minor's petition for a waiver of parental consent is fatally flawed, and we must remand this cause to the juvenile court for an order which responds to the requirements of the statute.
Because time is of the essence in this matter, this cause is remanded directly to the juvenile court to permit that court, if it can, to make from the existing record specific findings of fact on both prongs of § 26-21-4(f) as required by §26-21-4(g). The juvenile court is directed to submit such findings of fact directly to this Court no later than 12:00 noon Thursday, January 16, 1992. In the event that the juvenile court fails to submit its findings within the prescribed time, or if its findings are adverse to the minor, she may petition for immediate review in this Court.
REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and MADDOX, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] One of the married sisters had two children.
[2] I.e., an organization that opposes abortion and encourages the adoption of alternatives to abortion.