THIGPEN, Judge,
dissenting.
I must respectfully dissent. It is well established that the trial court has the duty to resolve conflicting testimony and to render a judgment accordingly. Jones v. LeFlore, 421 So.2d 1287 (Ala.Civ.App.1982). Here, however, only the minor testified and therefore, the only evidence that was before the trial court was without conflict. Further, the ore tenus rule does not apply where, as here, the trial court “misapplied the law to the undisputed facts.” Matter *721 of Anonymous, 515 So.2d 1254, 1256 (Ala.Civ.App.1987). (Emphasis in original.)
The minor’s testimony, elicited under difficult circumstances, is clear that she has given considerable thought in arriving at her decision not to involve her parents. She explicitly described to the court how the best interests of both her and her parents would be served by not involving her parents in her decision. It appears of record that this minor is not only considering her future, but the quality of life for an unwanted unborn infant, and the hurt and harm the minor’s mistake would inflict on her parents. To conclude that this minor is not mature enough to make this decision without involving her parents is contrary to the undisputed evidence.
It should be remembered that it is not for the trial court to determine whether a minor should actually have an abortion. The trial court is to determine whether the minor may seek an abortion without parental consent. Ala.Code 1975, § 26-21-4. “The law is clear that a waiver may be granted if the minor is mature and well-informed.” Matter of Anonymous, 515 So.2d 1254, 1256 (Ala.Civ.App.1987).
Additionally, it is my opinion, after careful review of the record evidence, that the trial court misinterpreted the wording of Ala.Code 1975, § 26-21-4(a), which states in pertinent part:
“(a) A minor who elects not to seek or does not or cannot for any reason, obtain consent from either of her parents or legal guardian, may petition, on her own behalf, the juvenile court, or the court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this chapter.” (Emphasis added.)
The trial court based its denial largely upon the minor’s testimony that she had a good relationship with her parents, and that she would not suffer retribution or violence from her parents if she informed them of her situation and decision. Ala. Code 1975, § 26-21-4, does not require a finding that the minor have a fear of punishment before she may be granted a waiver of parental consent; rather, if the minor for whatever reason elects not to involve her parents, then the trial court may adjudicate the case in accordance with the guidelines in Ex parte Anonymous, 595 So.2d 497 (Ala.1992).
Our Supreme Court has held that factors which demonstrate maturity include a minor’s decision to resort to the judicial procedure and to request the advice of legal counsel. Anonymous, supra.
The record reflects that the minor is sixteen years old, is in the eleventh grade, and is an average student who plans to attend a community college. She testified that she has been dating the same boy for over a year; that she and her boyfriend had sexual intercourse only once; that she became pregnant as a result of that one time; that she has discussed her pregnancy with her boyfriend; and that the boyfriend supports her decision.
The record is clear that the minor acted promptly and responsibly after determining that she might be pregnant. She sought advice from Summit Medical Clinic in Birmingham and she discussed the risks and options with her boyfriend. She then promptly sought legal counsel and the judicial procedure established by statute. Her testimony in response to questions from her attorney and the trial court indicated maturity and responsibility in her actions and her deliberate choice not to involve her parents if unnecessary. She acknowledged that she had made a serious mistake for which she had considered her options, as well as the consequences of each option, including having the infant and accepting parenthood or adoption as alternatives. She further testified that she believed that she could handle any emotional complications arising from an abortion. The trial court expressly found that she was “intellectually competent.”
I empathize with the concerns of the trial court regarding the minor’s possible postoperative emotional problems; nevertheless, the minor made clear that should such occur, she would seek counselling and, as a last resort, she would seek parental involvement. A decision of this gravity *722 should not be based on speculation that the minor will have post-operative emotional problems. Moreover, the minor made clear that she views having the infant and assuming the role of a parent at her age as punishment for her mistake, and that she is not emotionally mature enough or prepared for either marriage or parenting at age sixteen.
I am cognizant of and appreciate the dilemma of the trial judges of this State in making these difficult determinations. The trial judge in the case at bar obviously labored long and placed much thought in his lengthy findings and order; however, a thorough review of the record considering the aforementioned factors established by our Supreme Court demonstrates that the minor is mature enough to make an informed decision concerning abortion on her own and to elect to obtain an abortion without parental involvement as the statutes permit. Accordingly, I would reverse the trial court’s denial; therefore, I must respectfully dissent.