650 So.2d 919 (1994)
In the Matter of ANONYMOUS, a minor.
2940134.
Court of Civil Appeals of Alabama.
November 22, 1994.
*920 ROBERTSON, Presiding Judge.
This is an appeal from the denial of a waiver of parental consent for an abortion by an unemancipated minor.
The unmarried and unemancipated minor child in this case filed her petition pursuant to § 26-21-4, Ala.Code 1975, for a waiver of parental consent for an abortion and requested appointed counsel.[1] Following an ore tenus proceeding, at which only the minor child testified, the trial court entered an order which stated:
"The court observed the carriage, demeanor, and deportment of the child who attained the age of sixteen years only one month ago and finds as follows:
"The court finds that [the child] presented no evidence that she either consulted medical or mental health professionals regarding advice and counsel on abortion or alternatives to abortion. [The child] presented no evidence that advice and counsel was obtained from medical or mental health professionals regarding the medical, physical and/or psychological effects of abortion or alternatives to abortion. [The child] has solicited no advice or counsel from any adult source other than the 18 year old high school male friend who is the putative father of the unborn child. [The child] testified that she would spend the night with a friend who is age 16 if she had an abortion. No evidence was presented to the court relative to the friend's capabilities or the feasibility of these post operative plans. [The child] testified that she had a good family relationship and presented no evidence of abuse or violence in her home. She testified that she was concerned that her pregnancy would disappoint her parents. The foregoing considered the court finds that [the child] does not exhibit a pattern of deliberation necessary for mature decision making. The court further finds that [the child] has not fully addressed and considered the emotional aspects of the effects of abortion or the alternatives to abortion. [The child] did not appear to this court to possess and did not exhibit through her carriage, demeanor, and deportment, the ability and/or maturity to make a knowing and informed choice. Therefore, all things considered, the court finds that [the child] is not mature and well informed enough to intelligently make the abortion decision without the consent of either of her parents. The court further finds that her lack of maturity dictates that consultation with a parent or parents who have reared a child from infancy to the young age of sixteen is both preferable and desirable, and in the child's best interest. Parents ordinarily possess information essential to a physician's exercise of his medical judgment and advice concerning the child. Therefore, the court finds that the absence of parental consultation could be detrimental to the child both emotionally and physically. Further, the court finds that an abortion without parental consent of loving, caring parents is not in the best interests of the child. The court further finds that the child's post operative plans are inadequate and without the same, the performance of an abortion could be detrimental and life threatening to her; that abortion without parental consultation and consent is not in the child's best interest; and therefore, all things considered, the Court finds that abortion is not in the best interests of the child."
The minor child appeals.
Our supreme court has held that in order for the trial court to deny a minor a waiver of parental consent to an abortion, it must specifically find two things: "that the minor is not mature and well enough informed to *921 make the abortion decision, and that the performance of the abortion is not in the best interest of the minor." Ex parte Anonymous, 595 So.2d 499, 500 (Ala.1992); Ex parte Anonymous, 597 So.2d 711 (Ala.1992).
The record in this case reflects that the minor child is 16 years and one month old and in the eleventh grade. At the time of the hearing the minor was four weeks pregnant. The minor testified that her 18-year-old boyfriend was the father, that they had known each other all of their lives, and that they attend the same school. The minor also testified that her boyfriend had agreed to pay for an abortion. The minor also testified that she had considered the alternatives to an abortion.
The minor testified she has a good relationship with her parents, and that she is especially close to her mother. The minor also testified that she had not discussed her pregnancy with her parents, because she felt that her mother would be very disappointed in her. The minor child further testified that it was her boyfriend that had taken the initiative in her obtaining a waiver of parental consent for an abortion and that she did not seek a judicial waiver on her own.[2] Also, the minor presented no evidence that she had sought advice from a medical professional or a counselor concerning an abortion and other alternatives. It appears from the record that the minor's primary reason for seeking a waiver of parental consent for an abortion was to avoid disappointing her mother. The minor testified that she understood, and was willing to accept, the risks associated with the abortion procedure. The minor also testified that her boyfriend and her 16-year-old best friend would accompany her to the clinic for an abortion and that she would stay at her 16-year-old friend's house after the abortion procedure. She also testified that if complications arose from the procedure that she would go to the hospital immediately.
The only testimony in this case was by the minor child, and she was not cross-examined; therefore, her testimony in this case is undisputed. Our supreme court has held that the ore tenus rule has no application when the facts are undisputed.[3]Ex parte Anonymous, 618 So.2d 722 (Ala.1993). That opinion did not, however, overturn Hall v. Mazzone, 486 So.2d 408 (Ala.1986), and other cases regarding the ore tenus rule. "The ore tenus rule is grounded upon the principle that when the trial court hears oral testimony it has an opportunity to evaluate the demeanor and credibility of [the witness]." Id., 486 So.2d at 410. In this case, it was the minor child.
The trial court specifically stated that it had considered the minor child's demeanor before it denied the request for a waiver of parental consent. The appellate courts "must rely solely on [the] written" transcript of the minor child's testimony. Id. at 411. Consequently, we find that the ore tenus rule is applicable in this case as it pertains to the demeanor and physical maturity of the child, and other observations the trial court was able to make, which are not before this court. Id.
The trial court's order states that the minor child "did not exhibit through her carriage, demeanor, and deportment, the ability and/or maturity to make a knowing and informed choice." The trial court found that "consultation with a parent or parents ... is... in the child's best interest." Unlike Ex parte Anonymous, 618 So.2d 722 (Ala.1993), wherein our supreme court held that the trial judge erred by placing undue weight on the minor child's responsibility to consult with her parents and, thus, misapplied the law to the facts of the case, the trial judge in this case placed great weight on the minor child's demeanor, deportment, and carriage. The trial judge had personal contact with the minor child and was "thereby afforded an opportunity for firsthand observation of [her] demeanor, whereas this court is bound by the strictures of a written transcript." Bailey v. *922 Bailey, 560 So.2d 1076, 1077 (Ala.Civ.App. 1990).[4]
After considering the record evidence, as well as the lack of evidence, we cannot determine the trial court's findings to be erroneous or hold that the trial court erred in denying the petition for a waiver of consent.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs in the result only.
YATES, J., dissents.
THIGPEN, Judge, concurring in the result only.
I concur in the result to affirm the trial court's judgment because my review of the record discloses that the trial court properly applied the law to the undisputed facts. Ex parte Anonymous, 618 So.2d 722 (Ala.1993). To grant the waiver of parental consent for an abortion, there must be evidence that the minor is sufficiently mature to make the decision without parental consent, or the evidence must support a determination that an abortion is in the minor's best interests. Ala. Code 1975, § 26-21-4; Ex parte Anonymous, 595 So.2d 497 (Ala.1992). In this case, the scant evidence supports finding that the minor is not sufficiently mature to make the decision regarding abortion without parental consent, and that the performance of an abortion is not in the best interests of this minor child. Ex parte Anonymous, 595 So.2d 499 (Ala.1992). It is, therefore, unnecessary to consider any aspect of the ore tenus rule.
YATES, Judge, dissenting.
Because I would reverse the judgment of the trial court and grant the petition for the waiver of parental consent, I must respectfully dissent. The evidence reveals that the minor was sufficiently mature and well enough informed to make a decision regarding an abortion without parental consent.
"A minor who elects not to seek ... consent from either of her parents ... may petition ... the juvenile court ... for a waiver of the consent requirement...." § 26-21-4(a), Ala.Code 1975. The "petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests." Ex parte Anonymous, 595 So.2d 497, 498 (Ala.1992) (emphasis in original). The Alabama Supreme Court has held that a minor's decision to use the judicial process and request the advice of legal counsel may, in itself, indicate maturity. Id. at 499.
The minor testified that she is 16 years old and in the eleventh grade, and that she makes above average grades. She is a member of the Key Club and is also a member of a school athletic club. Her plans for her future include attending college to study early childhood development; teaching preschool or grade school; and getting married and having children. She has in the past worked at a part-time job. Her boyfriend, the putative father, is 18 years old, attends school, and is currently employed. They have known each other for a long time, having attended school together all their lives. She stated that he is "very supportive."
At the time of the hearing, she was four weeks pregnant and had obtained counsel to represent her. She testified that she has considered the alternatives to abortion, but stated, "I just don't think right now I could give a baby the love that it needed and attention that it needed." She stated that she is aware of what the abortion procedure involves. She understands that it is a surgical procedure requiring an anesthetic. She testified that she has been under anesthesia before without an adverse reaction.
Although the trial court's order stated that the minor had not solicited advice or counsel from anyone, other than from her 18-year-old boyfriend, the transcript reveals that there was no testimony to support this statement. *923 In fact, the minor's testimony indicates that she is informed of the potential risks involved in the abortion procedure, including such risks as damage to the uterine wall, long-term emotional effects, increased risk of breast cancer, and the possibility of bleeding and infection. She testified that her pregnancy test was performed "at the pregnancy test center" in her hometown. She further testified that she has made post-operative plans and that if there were complications she would go immediately to a hospital.
The trial court's order stated, "[T]he court finds that an abortion without parental consent of loving, caring parents is not in the best interests of the child." However, there is nothing in the record to support this finding. The minor testified that she feels she is mentally and emotionally prepared to undergo an abortion and that she believes that having an abortion is in her best interests.
The Alabama Supreme Court stated in Ex parte Anonymous, 618 So.2d 722, 724-25 (Ala.1993):
"The minor has elected to pursue an abortion without the consent of her parents, and a waiver of consent is in no way contingent on her proving that her parents would disapprove or abuse her should they be consulted regarding her decision to obtain an abortion. In fact, the reaction of the minor's parents is of little consequence as long as she can demonstrate to the court that she is mature enough and well enough informed to make the decision on her own or that an abortion is in her best interest.
"... Although the trial judge is allowed to take into consideration the relationship of the child with her parents and the sympathetic or unsympathetic attitude of the parents, this should not be the main focus of the trial judge's deliberation.... [T]he Supreme Court of the United States has determined that the main focus should be on the woman's or minor female's right to decide what should be done with her body within certain defined limitations. The constitutionality of the parental consent statute rests mainly on the premise that a child of tender years may not be thoroughly mature enough to make the decision to terminate a pregnancy even within the first trimester. However, if it can be demonstrated that she is sufficiently mature or that an abortion would be in her best interest, then she should be given a waiver of parental consent."
The only testimony in this case was the testimony of the minor; therefore, the testimony is undisputed and the ore tenus rule does not apply. "The role of the appellate court is, therefore, to determine whether the trial court `misapplied the law to the undisputed facts.'" Id. at 725, quoting Matter of Anonymous, 515 So.2d 1254, 1256 (Ala.Civ. App.1987) (emphasis in original).
The minor has met her burden and demonstrated that she is mature, informed, and capable of making her own decision regarding an abortion. She testified that she was prepared and that it was in her best interest to undergo the abortion. Therefore, the trial court erred in denying her petition.
NOTES
[1] As appointed counsel, the attorney was bound to pursue the minor child's petition, whereas, a guardian ad litem would be bound to pursue the minor child's best interest, which, in the guardian ad litem's mind might be contrary to the petition. The trial courts may consider appointing guardian ad litems in these cases.
[2] Our supreme court has held that a minor's decision to resort to the judicial process and to request advice of counsel may, of itself, indicate maturity. Ex parte Anonymous, 595 So.2d 497 (Ala.1992).
[3] The use of guardian ad litems, as well as court-appointed counselors, may aid the trial courts in reaching these difficult decisions.
[4] Otherwise, a petition for a waiver of parental consent could simply be filed with a supporting affidavit prepared by counsel or the minor child, and the trial judge would be bound by the written evidence in the affidavit.