Because I would reverse the judgment of the trial court and grant the petition for the waiver of parental consent, I must respectfully dissent. The evidence reveals that the minor was sufficiently mature and well enough informed to make a decision regarding an abortion without parental consent.
"A minor who elects not to seek . . . consent from either of her parents . . . may petition . . . the juvenile court . . . for a waiver of the consent requirement. . . ." § 26-21-4(a), Ala. Code 1975. The "petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests." Ex parteAnonymous, 595 So.2d 497, 498 (Ala. 1992) (emphasis in original). The Alabama Supreme Court has held that a minor's decision to use the judicial process and request the advice of legal counsel may, in itself, indicate maturity. Id. at 499.
The minor testified that she is 16 years old and in the eleventh grade, and that she makes above average grades. She is a member of the Key Club and is also a member of a school athletic club. Her plans for her future include attending college to study early childhood development; teaching preschool or grade school; and getting married and having children. She has in the past worked at a part-time job. Her boyfriend, the putative father, is 18 years old, attends school, and is currently employed. They have known each other for a long time, having attended school together all their lives. She stated that he is "very supportive."
At the time of the hearing, she was four weeks pregnant and had obtained counsel to represent her. She testified that she has considered the alternatives to abortion, but stated, "I just don't think right now I could give a baby the love that it needed and attention that it needed." She stated that she is aware of what the abortion procedure involves. She understands that it is a surgical procedure requiring an anesthetic. She testified that she has been under anesthesia before without an adverse reaction.
Although the trial court's order stated that the minor had not solicited advice or counsel from anyone, other than from her 18-year-old boyfriend, the transcript reveals that there was no testimony to support this statement *Page 923 
In fact, the minor's testimony indicates that she is informed of the potential risks involved in the abortion procedure, including such risks as damage to the uterine wall, long-term emotional effects, increased risk of breast cancer, and the possibility of bleeding and infection. She testified that her pregnancy test was performed "at the pregnancy test center" in her hometown. She further testified that she has made post-operative plans and that if there were complications she would go immediately to a hospital.
The trial court's order stated, "[T]he court finds that an abortion without parental consent of loving, caring parents is not in the best interests of the child." However, there is nothing in the record to support this finding. The minor testified that she feels she is mentally and emotionally prepared to undergo an abortion and that she believes that having an abortion is in her best interests.
The Alabama Supreme Court stated in Ex parte Anonymous,618 So.2d 722, 724-25 (Ala. 1993):
 "The minor has elected to pursue an abortion without the consent of her parents, and a waiver of consent is in no way contingent on her proving that her parents would disapprove or abuse her should they be consulted regarding her decision to obtain an abortion. In fact, the reaction of the minor's parents is of little consequence as long as she can demonstrate to the court that she is mature enough and well enough informed to make the decision on her own or that an abortion is in her best interest.
 ". . . Although the trial judge is allowed to take into consideration the relationship of the child with her parents and the sympathetic or unsympathetic attitude of the parents, this should not be the main focus of the trial judge's deliberation. . . . [T]he Supreme Court of the United States has determined that the main focus should be on the woman's or minor female's right to decide what should be done with her body within certain defined limitations. The constitutionality of the parental consent statute rests mainly on the premise that a child of tender years may not be thoroughly mature enough to make the decision to terminate a pregnancy even within the first trimester. However, if it can be demonstrated that she is sufficiently mature or that an abortion would be in her best interest, then she should be given a waiver of parental consent."
The only testimony in this case was the testimony of the minor; therefore, the testimony is undisputed and the ore tenus rule does not apply. "The role of the appellate court is, therefore, to determine whether the trial court 'misapplied the law to the undisputed facts.' " Id. at 725, quoting Matter ofAnonymous, 515 So.2d 1254, 1256 (Ala.Civ.App. 1987) (emphasis in original).
The minor has met her burden and demonstrated that she is mature, informed, and capable of making her own decision regarding an abortion. She testified that she was prepared and that it was in her best interest to undergo the abortion. Therefore, the trial court erred in denying her petition.