The minor filed a petition pursuant to § 26-21-4, Ala. Code 1975, for a waiver of parental consent for an abortion. Following an ore tenus proceeding, the trial court denied the petition, and she appealed. After reviewing the record, we find that the minor was sufficiently mature and informed to make a decision regarding an abortion without parental consent, and we reverse the judgment of the trial court.
"A minor who elects not to seek . . . consent from either of her parents . . . may petition . . . the juvenile court . . . for a waiver of the consent requirement. . . ." § 26-21-4(a), Ala. Code 1975. The "petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interest." Ex parteAnonymous, 595 So.2d 497, 498 (Ala. 1992) (emphasis in original).
The minor will soon be 17 years old. She testified that she is in the 11th grade and makes A's and B's. She also works and is saving the money she earns to buy a car.
The minor's parents are divorced. Her father lives in another state and she talks to him only once or twice a year. Her mother remarried another man and although they divorced many years ago the former stepfather continued to have regular contact with the minor. In fact, the mother allowed the minor to live with the stepfather because the mother and daughter could not get along. The stepfather has had physical custody of the minor for the last two years.
The minor is anemic and has asthma. She stated that those conditions do not restrict her from normal activities. In fact, she has been on the school swim team in the past. Her last complete physical examination was in December 1994. Recently, she has been visiting her physician every two weeks because weather conditions have aggravated her asthma.
After discovering that she was pregnant, the minor went to her stepfather, her custodian of two years, and told him. She stated that he was "shocked" and that she "could tell that he was kind of hurt, and mad," but that he was very calm and they discussed her situation. He accompanied her to a women's clinic, where she spoke to someone about an abortion.
The minor testified that the father is 19 years old. They have known each other for about three years. They no longer date. When she told him that she was pregnant, she said "he didn't take it too well," and she said she has not seen him since. She stated that she was "not really sexually active" and that the one time she had had sex was a mistake.
The minor does not want to have to tell her mother that she is pregnant. She described her relationship with her mother as "unpredictable," and she stated that her mother had told her that if she ever came home pregnant, she would beat her. In regard to her mother's reaction, the minor stated: "She would probably come down real hard on me because . . . she doesn't really have high expectations of me. So, she would say that she probably expected me to end up this way." Further, the stepfather testified that he did not think it wise to discuss the *Page 1054 
pregnancy with the minor's mother, because he believed that the mother would put her under a lot of stress and "say bad things to her."
The minor testified that she has considered going to term with her pregnancy and keeping the baby, but that she had decided against it, because, she said, "it's very hard for me right now. I don't want to raise it like this. I want to try to finish school and make something of myself. And for one thing, I don't want to raise it without a father." She also considered adoption, but decided against that. She stated that she will pay for her abortion with her savings.
As to the future, she plans to graduate from high school, to attend college, and eventually to marry and have children. The minor testified that she may have to go back to public school and join the ROTC program to help finance her college education.
The minor displayed an elementary knowledge of the abortion procedure. She testified to a knowledge of some risks involved and, although she was not able to recall all of the possible complications that were discussed with her, she stated that the procedure and its possible side effects would again be explained to her at the clinic before the procedure is performed. She had told the employee at the women's clinic about her anemia and asthma; she said they anticipate no complications. She has had anesthesia before, with no complications. Her stepfather will accompany her to the clinic for the abortion procedure and she will return home with him and stay with him afterward.
Evidence supporting the finding of a mature decision in this case includes the minor's having had a pregnancy test done at her hometown clinic; informing her stepfather upon discovering that she was pregnant and discussing it with him; having her stepfather accompany her to a clinic, where she discussed with the medical personnel the procedure and risks; and, upon learning of the requirement of the waiver of parental consent, pursuing, with the help of her stepfather, the judicial by-pass procedure. Additionally, she is working, going to school, and has plans for her future.
We note that the trial court's order twice refers to an absence of "clear and convincing evidence." Neither the language of § 26-21-4 nor the case law requires that the minor present evidence meeting this high standard in order to be granted a waiver. We recognize, and appreciate, however, the trial court's concern that sufficient evidence be presented, and we commend the trial court's solicitation of some additional evidence. A further presentation of evidence would have been helpful to the trial court and would have certainly aided this court on this appeal. Although the legislature especially provided for court rules to be relaxed, §26-21-4(a), Ala. Code 1975, a guardian ad litem representing a minor in these cases is responsible for providing the court with evidence, if available, on all requirements of §26-21-4(a).
We conclude that the minor has met her burden, by demonstrating that she is mature, informed, and capable of making her own decision regarding an abortion. Therefore, the judgment of the trial court is reversed and the case is remanded with instructions to the trial court to enter a judgment granting the waiver. Because of the importance of time, the trial court is directed to enter its judgment not later than 12:00 noon on Friday, February 3, 1995. If the trial court does not enter a judgment granting the waiver by that time, then effective 12:01 p.m., a judgment granting the statutory waiver is rendered by this court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result only.