This is an appeal from the denial of a waiver of parental consent for an abortion by an unemancipated minor.
The minor filed her petition pursuant to Ala. Code 1975, §26-21-4. Following ore tenus proceedings, the trial court denied the minor's petition, stating in its order that "the minor is not mature and well informed enough to make the abortion decision and the performance of the abortion without parental *Page 1023 
consent is not in the best interest of the minor." The minor appeals.
Ala. Code 1975, § 26-21-4(a), provides that, "A minor who elects not to seek . . . consent from either of her parents . . . may petition . . . the juvenile court . . . for a waiver of the consent requirement." Our Supreme Court has held that the "petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests." Ex parte Anonymous,595 So.2d 497, 498 (Ala. 1992) (emphasis in original). The Supreme Court further held that the minor's decision to utilize the courts and to seek the advice of legal counsel may, in itself, indicate maturity. Id. The ore tenus rule does not apply in this case because only the minor testified, and none of her testimony is disputed. This court must determine whether the trial court misapplied the law to the undisputed facts. Exparte Anonymous, 618 So.2d 722 (Ala. 1993).
After reviewing the minor's testimony, we find that she is mature and sufficiently informed to make the decision to have an abortion without the consent of a parent. The minor is two months from her 17th birthday, has never been married, and this is her first pregnancy. The minor attends high school, makes above average grades, and is active in extra-curricular activities. Her future plans include pursuing a college degree and becoming a teacher. She has a part-time job and helps pay for her car and clothing expenses. Her boyfriend, the putative father, knows of her condition and knows that she is seeking the waiver. She testified that he supports her decision to have an abortion.
She testified that she did not want to tell her parents that she was pregnant because they would be disappointed and because they had told her older sister if they knew that one of their children had an abortion, they would throw her out of the house. The trial court questioned the minor about her parents' behavior and whether they were likely to harm her. Although the minor replied that she was not fearful of bodily harm, our Supreme Court has stated that "the reaction of the minor's parents is of little consequence as long as she is mature enough and well informed enough to make the decision on her own or that an abortion is in her best interest." Id. at 724-25 (emphasis in original).
There is ample evidence that the minor is mature and well informed. She has discussed the alternatives to an abortion with her adult sister and testified that she realizes that she is not equipped to raise a child or to give a child up for adoption. She also testified that she realized that there may be emotional and physical consequences as a result of having an abortion. She stated that she was willing to seek counseling for emotional problems and that she would seek her parents' help if she suffered physical complications from the procedure. She showed knowledge of the abortion procedure and has made provisions for the possible consequences. Although the trial court appeared to be concerned about the minor's lack of experience in taking care of herself and providing for her physical needs, we note that the experience and maturity of a minor female is not that of an adult female. See, id.
We conclude that the trial court misapplied the law to the undisputed facts of this case. Therefore, the judgment of the trial court is reversed, and the cause is remanded. Because of the importance of time, the trial court is directed to enter a judgment granting the waiver not later than 12:01 p.m., May 31, 1995. If the trial court does not enter a judgment granting the waiver by that time, then effective 12:02 p.m., May 31, 1995, a judgment granting the statutory waiver is rendered by this court.
REVERSED AND REMANDED WITH INSTRUCTIONS OR REVERSED AND JUDGMENT RENDERED.
All the Judges concur. *Page 1024