684 So.2d 1337 (1996)
In the Matter of ANONYMOUS, a minor.
2960030.
Court of Civil Appeals of Alabama.
October 18, 1996.
PER CURIAM.
This is an appeal from the denial of a waiver of parental consent for an abortion by an unemancipated minor.
The minor filed her petition pursuant to § 26-21-4, Ala.Code 1975, for a waiver of parental consent for an abortion and requested appointment of counsel. Following an ore tenus hearing, the trial judge denied the minor's petition, indicating that she was not mature and well informed enough to make the abortion decision. The trial court did not check that portion of the form indicating that it found that performance of the abortion is not in the best interest of the minor.
The minor appeals. State law provides that "[a] minor who elects not to seek ... consent from either of her parents ... may petition ... the juvenile court ... for a waiver of the consent requirement ...." § 26-21-4(a), Ala.Code 1975. The "petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interest." Ex parte Anonymous, 595 So.2d 497, 498 (Ala.1992) (emphasis in original). The Alabama Supreme Court also has held that a minor's decision to use the judicial process and request advice of legal counsel may, in itself, indicate maturity. Id. at 499.
As noted above, the trial court did not make a specific finding as to whether the performance of an abortion would not be in the best interest of the minor. Without such a finding, the judicial bypass was due to be granted.
Furthermore, in denying the minor's consent, the trial court said that it found that:
"1. There are resources available to provide care and housing during the pregnancy and after the birth.
"2. That in the event the parents "kick her out" they would be liable for providing *1338 for her necessities until the age of majority.
"3. That petitioner's action in becoming pregnant in light of sex education in the schools and the extreme amount of publicity about teen pregnancy is indicative that she has not acted in a mature and well informed manner."
We note that those are not specific findings of fact which were proven by any evidence presented at the hearing. Instead, the trial court's "findings" are assertions made by the trial court that, if true, would apply in each case in which a minor seeks a judicial bypass of parental consent for an abortion. We find that the trial court's reasons for denying the judicial bypass are pretextual.
The record shows that at the time of the hearing, the minor was five weeks pregnant. The minor, the only person to testify at the hearing, said that she is 17 years old and a full-time student. She has a part-time job from which she earns less than $50 a week. She said that after finding out she was pregnant she went to Sav-A-Life, where someone talked with her about her options, including abortion, adoption, and keeping the baby. She said she watched a film on abortion, and testified fully about what the procedure would entail.
The minor testified that her boyfriend would not speak to her at all about her pregnancy. She said she could not tell her parents she was pregnant because they had told her that if she ever got pregnant, they would kick her out. She also said that her father was manic-depressive and that "any thing can make him go off and blow up." She said she would not have support from her family and that, alone, she would not be able to financially support herself or a baby.
Our review of the record shows that the minor is sufficiently mature and well informed enough to make the decision of whether to have an abortion without parental consent. For that reason, and because the trial court did not make a specific finding that performance of an abortion would not be in the minor's best interest, the judicial bypass is due to be granted.
The trial court's order is reversed and this cause is remanded.
Because of the importance of time, the trial court is directed to enter a judgment granting the waiver not later than 4 p.m. on Friday, October 18, 1996. If the trial court does not enter a judgment granting the waiver by that time, then effective 4:01 p.m., October 18, 1996, a judgment granting the statutory waiver is rendered by this court.
REVERSED AND REMANDED WITH INSTRUCTIONS OR REVERSED AND RENDERED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result only.
THIGPEN, Judge, concurring in the result only.
I concur only in the result that this case must be reversed for failure to meet the statutory requirements. See my special writings in Matter of Anonymous, 655 So.2d 1052 (Ala.Civ.App.1995), and Matter of Anonymous, 650 So.2d 923 (Ala.Civ.App.1994).