In In re Anonymous, [Ms. 2080100, November 10, 2008] So. 2d ___ (Ala.Civ.App. 2008), we remanded this action to the juvenile court with instructions to enter a new judgment containing written, specific factual findings and legal conclusions supporting its decision to deny an unemancipated minor a judicial waiver of parental consent for an abortion *Page 2 
and to transmit its new judgment to this court no later than 5:00 p.m. on Wednesday, November 12, 2008. The juvenile court has complied with our instructions.
In pertinent part, the new judgment of the juvenile court states:
 "This matter comes before the Court pursuant to the Remand Order of the Alabama Court of Civil Appeals dated November 10, 2008, number 2080100.
 "Based on the facts and evidence presented ore tenus, the Court finds the following:
 "1) The minor is not sufficiently mature and well-informed enough to make the abortion decision on her own; and that
 "2) The performance of the abortion would not be in the minor's best interest.
 "These conclusions are based on the following factors, observations and circumstances:
 "a.) The minor already has one child living with her and her mother. The minor gave no indication that her mother, if told about the pregnancy, would abuse, neglect, or in any way fail to care for her and another baby. The minor merely indicated that her mother would be upset and disappointed to find out about another pregnancy. Additionally, she gave no indication that telling her father about the pregnancy would result in abuse or neglect, or whether he might be able to offer assistance, only that she and her father were not close and she did not wish to tell him. It should also be noted that her father did not reside with her and her mother.
 "b.) The minor admitted that although she had *Page 3 
been on birth control, she stopped it for medical reasons and apparently did not replace it with any other form of birth control. The Court found this to be an indication of poor judgment, poor insight, failure to learn from prior mistakes, and immaturity.
 "c.) The minor admitted that she had not spoken with Save-A-Life or any similar agency from which she could have gathered more information about alternatives to abortion. She stated only that she had met with an abortion clinic and been told about adoption and other options by that clinic.
 "d.) When asked how she felt about the abortion and what it meant, the minor indicated that she would ask God to `forgive' her for what she was doing. The Court felt this statement, taken in the context of all the evidence and circumstances, indicated a lack of insight into the potential, emotional after-affects of abortion. Additionally, when asked what she believed she was carrying inside of her, she indicated that she considered it to be `a baby.' None of this testimony relieved the concerns of this Court regarding the minor's maturity, knowledge and understanding of the abortion process. She appeared to be uncertain, at best, about the emotional/psychological implications of abortion and her own feelings about it. For example, although she indicated that having an abortion was the right thing to do, she also seemed to feel that it was something for which she would require forgiveness.
 "e.) The minor has an older brother (20 years old), but she did not tell him about the pregnancy either, although no indication was given that he would not provide assistance to her if asked.
 "f.) The minor is not currently working. She and her current baby live with her mother, who helps care for both of them. Given her current *Page 4 
circumstances, her failure to consider birth control options indicates impulsivity and lack of judgment. Although it could certainly be argued that most, if not all, minors experience poor judgment and impulsivity, this particular set of facts reveals a pattern of poor decision-making and lack of insight.
 "g.) When asked why adoption was not a consideration, the minor voiced her feeling that if she carried the baby to term and saw it, she would not be able to give it up for adoption. This rationale again indicates, at least to this Court, that the minor had not thought this process through, and may have serious emotional conflicts about abortion which she has not faced, has apparently not been counseled about, and has little insight into.
 "h.) Lastly, the findings of this Court in this matter were based on and reflect the concerns of the legislature in Section 26-21-1, [Ala. Code 1975,] to wit:
 "`(1) immature minors often lack the ability to make fully informed choices that take account of both immediate and long-range consequences,
 "`(2) the medical, emotional and psychological consequences of abortion are serious and can be lasting, particularly when the patient is immature,
 "`(3) the capacity to become pregnant and the capacity for mature judgment concerning the wisdom of an abortion are not necessarily related,
 "`(4) parents ordinarily possess information essential to a physician's exercise of his best medical judgment concerning the child, and *Page 5 
 "`(5) parents who are aware that their minor daughter has had an abortion may better insure that she receives adequate medical attention after her abortion. The legislature further finds that parental consultation is usually desirable and in the best interests of the minor.'"
 In In re Anonymous, 964 So. 2d 1239
(Ala.Civ.App. 2007), this court stated:
 "A juvenile court shall grant a petition for a waiver of parental consent to an abortion if it finds either `(1) [t]hat the minor is mature and well-informed enough to make the abortion decision on her own; or (2) [t]hat performance of the abortion would be in the best interest of the minor.' § 26-21-4(f), Ala. Code 1975 (emphasis added). See Ex parte Anonymous, 595 So. 2d 497, 498 (Ala. 1992). However, the `petition for waiver of parental consent may be denied only if the court specifically finds both [(1) that] the minor is immature and not well enough informed to make the abortion decision on her own and (2) that performance of the abortion would not be in her best interests.' Ex parte Anonymous, 595 So. 2d at 498. A juvenile court's order on a petition for a waiver of parental consent must contain written, specific factual findings and legal conclusions supporting its decision. § 26-21-4(g), Ala. Code 1975.
 "In Ex parte Anonymous, 803 So. 2d 542 (Ala. 2001), our supreme court explained the application f the ore tenus rule in cases of this type:
 "`We find that in a case where a minor seeks a waiver of parental consent for an abortion and no adverse party cross-examines her or otherwise challenges her testimony, a rule compelling acceptance of undisputed live testimony as true — *Page 6 
without affording any deference to the trial court's ability to observe and assess the demeanor of the witness — is unsound. In such a case — where the trial court has had the opportunity to observe the witness and where assessments of the level of the minor's maturity are crucial — the trial court's findings should be afforded considerable deference. Here, the trial judge had the responsibility of determining the facts. In particular, it was the trial judge's responsibility to determine whether the petitioner is mature enough and well-informed enough about the abortion procedure to make an independent decision whether to undergo an abortion without parental consent. See § 26-21-4(f), Ala. Code 1975. In addition to hearing the testimony, the trial judge could observe the minor and could consider her demeanor as she testified. That aspect of the evidence is denied an appellate court by a cold record. The trial judge was in a far better position than are we to determine, as a matter of fact, the minor's maturity and level of knowledge.'
 "803 So. 2d at 546. Under the ore tenus rule, the juvenile court's judgment is presumed correct unless its factual findings are plainly erroneous or manifestly unjust. Ex parte Anonymous, 803 So. 2d at 546."
964 So. 2d at 1241-42.
In the case now before us, the findings contained in the juvenile court's judgment satisfy the requirement that it make written, specific findings supporting its decision. Moreover, the minor's testimony, which was the only evidence presented *Page 7 
to the juvenile court, supports the findings contained in the juvenile court's judgment. Consequently, we affirm the juvenile court's judgment denying the minor a judicial waiver of parental consent for an abortion.
AFFIRMED.
All the judges concur.