DONALDSON, Judge.
The Alabama Legislature has provided that, generally, an abortion cannot be performed upon a minor without "the written consent of either parent or the legal guardian of the minor." § 26-21-3(a), Ala. Code 1975. The legislature has also provided that a juvenile court may waive the parental-consent requirement in specific circumstances. § 26-21-3(d) and § 26-21-4, Ala. Code 1975.
In this case, a 12-year-old minor who is in the custody of the Department of Human Resources ("DHR") petitioned the juvenile court to waive the requirement that she obtain parental consent for an abortion. The record shows that the minor had been impregnated by an adult relative while the minor was in the custody of the minor's mother; that the minor had been removed from the custody of the minor's mother by DHR five times; and that the identity and whereabouts of the minor's father were unknown. After hearing testimony from the minor and a DHR caseworker, and after considering other evidence, the juvenile court found that the requirements for waiving parental consent established by the legislature had been met. Under the applicable standard of review, discussed infra, we must affirm the judgment of the juvenile court.
The facts underlying this appeal are largely undisputed. After the minor filed a petition seeking the waiver of parental consent to have an abortion, the juvenile court issued an order setting the matter for a hearing, appointing an attorney and a guardian ad litem for the minor, and notifying DHR and the district attorney of the county in which the minor was located, as required by § 26-21-4(i), Ala. Code 1975.
*1021 All those parties participated in the trial on the minor's petition.
At the time of the trial, the minor was 12 years old and had been pregnant for approximately 13 weeks. The minor's pregnancy was the result of statutory rape committed by an adult relative that occurred while the minor was in her mother's custody.[1] The minor had been living in a home with her mother, her stepfather, her four siblings, and an uncle. The minor learned that she was pregnant after she complained of stomach pain and visited a hospital with her mother. Although the record is not entirely clear, it appears that the minor's mother had become physically abusive after learning of the minor's pregnancy, that law enforcement was contacted, and that the minor and her four siblings were placed in the custody of DHR, pursuant to dependency proceedings.[2] After entering DHR's custody, the minor was taken to another hospital for prenatal care. After the minor indicated that she wanted to end the pregnancy, the minor was referred to a clinic to discuss her options, which included abortion and adoption.
During the trial, the DHR caseworker involved in the minor's dependency case testified that she had met the minor two weeks before the trial when the minor was removed from her mother's custody. The caseworker testified that the minor's father's identity and whereabouts were unknown, but that he was believed to be living in a Central American country. The caseworker testified that a relative of the minor had been charged with statutory rape related to the minor's pregnancy and that the minor had told the caseworker that she wanted to end the pregnancy. The caseworker testified that she was aware of a history of physical abuse and neglect involving the minor's mother and that this was the fifth occasion that the minor and her siblings had been removed from their mother's custody.
The caseworker testified that the minor is shy, but that she appears to interact at a normal sixth-grade level, and that no interactions had caused the caseworker concern about the minor's ability to communicate or understand information.
The minor had just completed the fifth grade at the time of the trial. The minor testified that she speaks both Spanish and English. The minor testified that she was surprised to discover that she is pregnant and that she is "scared." The minor testified that she is too young to have a baby and that she does not want to give birth and place the baby for adoption because she is scared.
The minor testified that she did not want her mother to be a part of the proceeding or to help her make a decision regarding an abortion and that she and her mother do not have a good relationship. The minor testified that her mother knows of her pregnancy and is mad about it but that her mother told her that the decision regarding whether to have an abortion is a decision that the minor must make. The minor testified that she does not know her biological father and that she understood that he is in a Central American country.
When asked whether she knew the outcome of an abortion, the minor testified that an abortion will end the pregnancy. The minor testified that she did not know how the abortion procedure is completed or any risks associated with the procedure but that she had received documents relating to those issues from the clinic.
The juvenile court entered an order on June 27, 2017, waiving the requirement of parental consent. The district attorney *1022 filed a notice of appeal to this court on the same day. In 2014, the legislature amended portions of §§ 26-21-1 et seq., Ala. Code 1975, to, among other things, afford "the district attorney's office, and any guardian ad litem, or the parent, parents, or legal guardian of the minor" the right to appeal in such proceedings. § 26-21-4(n), Ala. Code 1975. At the same time, the legislature also added § 26-21-4(i), which requires the juvenile court, after a petition to waive parental consent is filed, to "immediately notify the district attorney's office of the county in which the minor is a resident, or the county where the petition was filed of the filing of the petition on the day of such filing" and which provides that
"the district attorney or his or her representative shall participate as an advocate for the state to examine the petitioner and any witnesses, and to present evidence for the purpose of providing the court with a sufficient record upon which to make an informed decision and to do substantial justice."
In its brief to this court, the district attorney acknowledges its limited role in these proceedings, stating:
"The purpose of the District Attorney is to be an advocate of the State, to examine witnesses, to provide the court with a sufficient record, and to assure that the decision of the court does substantial justice. Ala. Code 1975 § 26-21-4(i). The District Attorney is neither an advocate for or against the granting of consent, but rather serves to protect the process."
We note that the record shows that members of the district attorney's office appeared and examined witnesses at the trial. On appeal, the only alleged procedural deficiency in the process that the District Attorney points this court to is that,
"[a]lthough the Juvenile Court made [the] factual determination that the pregnancy was the product of [a] criminal act perpetrated by a relative, and that there was a lack of familial support for the minor mother, those conclusions flow from allegations in the companion dependency case and were not facts or circumstances established in the subject hearing."
We note that the juvenile court informed the parties at trial-without objection-that it was taking judicial notice of the dependency petition regarding the minor, and the facts and circumstances surrounding that petition, which it was permitted to do because the juvenile judge presided over both cases. See Ex parte State Dep't of Human Res., 890 So.2d 114, 118 (Ala. 2004) ("A judge may take judicial notice of his own court's records."). The record indicates that the dependency proceeding was initiated, in part, based on the minor's mother's violent reaction to the minor's pregnancy and the allegation that the minor's mother was aware of the repeated rape of the minor by a relative and that this was the fifth occasion that the minor and her siblings had been removed from their mother's custody.
The district attorney further argues that the evidence demonstrated that the minor is too immature to make an informed decision and that there is no evidence that the abortion would be in the minor's best interest. We will address those arguments, which challenge the sufficiency of the evidence, to the extent that those arguments could be construed as being consistent with the statutory "purpose of providing the court with a sufficient record upon which to make an informed decision and to do substantial justice." § 26-21-4(i).[3]
*1023 Pursuant to § 26-21-4(g), the legislature has provided that the juvenile court shall waive the parental-consent requirement if the court finds either: "(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or (2) That performance of the abortion would be in the best interest of the minor." See also In re Anonymous, 771 So.2d 1043, 1044 (Ala. Civ. App. 2000) (quoting Ex parte Anonymous, 595 So.2d 497, 498 (Ala. 1992) )(explaining that the " 'petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interest' "). We note that the legislature has provided that the juvenile court "shall" waive parental consent if one of the requisite findings in § 26-21-4(g) is made. "The word 'shall; is clear and unambiguous and is imperative and mandatory." Ex parte Prudential Ins. Co. of Am., 721 So.2d 1135, 1138 (Ala. 1998) (citing Tuscaloosa Cty. Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa Cty., 589 So.2d 687 (Ala. 1991) ).
The juvenile court specifically made the following findings, among others:
"The performance of an abortion is in the best interest of the [minor] given the age of the [minor], the fact that the [minor] is pregnant by way of a criminal act perpetrated against her by a relative, and the lack of familial support available to the [minor].
"The [minor's] parent(s) have allowed such a pattern of physical, sexual, or emotional abuse against the [minor] that the consent of her parents, parent, or legal guardian is not in her best interest.
"....
"The [minor] provided probative and admissible evidence that she has been informed and understands the medical procedure of abortion and its consequences as much as any twelve-year-old can. She also testified that she has been informed and counseled by a qualified person as to the alternatives to abortion. The [minor] has presented probative evidence to the Court of her maturity and has demonstrated to the Court that she has the maturity and decision making capabilities typical of her age and abilities.
"The totality of the evidence is probative and of such weight that it proves the [minor] should make this decision on her own. Furthermore, the abortion is in her best interest in accordance with Ex parte Anonymous, ... 531 So.2d 901 (Ala. 1988), whereas [the minor] is a twelve-year-old victim of rape, with the suspect being a relative; is currently a ward of the State; and has no family to turn to for support, consultation, or assistance.
"The [minor] has provided the Court with a substantive explanation of why she cannot consult with her parent, parents, or legal guardian to assist her in making the decision."
In support of the argument that the evidence demonstrated that the minor is too immature to proceed without parental consent, the district attorney argues that the evidence demonstrated that the minor does not understand the potential complications that could arise from undergoing the abortion procedure, that the minor was unaware of her own health history, and that the minor does not understand that an abortion will end the life of the fetus. The minor responds, and the evidence reflected, that she had been to two hospitals before being referred to a clinic, that she had seen an ultrasound of the fetus, that she was informed of her options of abortion and adoption, that she does not *1024 want to have a child, and that she wants to end the pregnancy through abortion.
The evidence indicated that the minor told health-care professionals that she wanted to end the pregnancy and that she did not want to have a baby, and the minor's testimony at the trial echoed that desire. The juvenile court could have found that the minor sufficiently understood the outcome of an abortion procedure and that she had the maturity, in the context of this situation, to make this decision independently, without input from her mother.
We are aware of the indicia of immaturity contained in the record, but the maturity determination is not for this appellate court to make. "In [cases involving the waiver of parental consent for an abortion]-where the trial court has had the opportunity to observe the witness and where assessments of the level of the minor's maturity are crucial-the trial court's findings should be afforded considerable deference." Ex parte Anonymous, 803 So.2d 542, 546 (Ala. 2001). Our supreme court has held that the ore tenus rule is applicable in such cases, because it is
"the trial judge's responsibility to determine whether the petitioner is mature enough and well-informed enough about the abortion procedure to make an independent decision whether to undergo an abortion without parental consent. See § 26-21-4(f), Ala. Code 1975. In addition to hearing the testimony, the trial judge ... observe[s] the minor and [can] consider her demeanor as she testifie[s]. That aspect of the evidence is denied an appellate court by a cold record. The trial judge [is] in a far better position than [is an appellate court] to determine, as a matter of fact, the minor's maturity and level of knowledge."
803 So.2d at 546. "Applying the ore tenus rule, as ... required ... by Ex parte Anonymous, 803 So.2d 542 (Ala. 2001), [an appellate court] affords the trial court's findings considerable deference and will reverse the trial court's judgment only when that judgment is 'plainly erroneous or manifestly unjust.' " Ex parte Anonymous, 808 So.2d 1030, 1033 (Ala. 2001).
Even if the minor were deemed too immature and not sufficiently well informed to independently make the decision, the juvenile court's inquiry does not end there. The juvenile court must also determine whether the performance of the abortion is in the minor's best interest. § 26-21-4(g)(2), Ala. Code 1975. The district attorney challenges the juvenile court's finding that the abortion is in the minor's best interest, arguing that the "only circumstance" presented to the juvenile court regarding the minor's best interest is that she is 12 years old and that there was no testimony offered to indicate that the pregnancy and/or delivery would present a health risk to the minor.
In Ex parte Anonymous, 531 So.2d 901 (Ala. 1988), our supreme court reversed a juvenile court's denial of a petition for waiver of parental consent. In that case, the minor was 12 years old and the pregnancy was the result of statutory rape by a 16-year-old. The supreme court found "ample objective evidence of immaturity" but noted that "the minor, in giving testimony, was coherent and consistent in saying that she wanted an abortion, that she did not want to have the baby, [and] that she could not take care of a baby." Id. at 905. The supreme court held:
"The facts that the minor is a ward of the State, that she has no family to turn to for support ..., and that her family has a history of psychological problems, all add to the facts of her tender years and her only 'fair' (not 'good') prognosis for delivery of the baby in indicating that it is not in her best interest to carry to term and deliver."
*1025 Id. In this case, the minor is in the custody of DHR based on reports of physical abuse at the hands of her mother, the minor does not know her biological father, this is the fifth time that the minor has been removed from her mother's custody, the minor has no familial support, and the pregnancy was a result of statutory rape by an adult relative of the minor that occurred while the minor was in her mother's custody. The minor consistently stated that she wanted an abortion, that she was too young to care for a child, that she was scared, and that she did not want to have a child. Based on Ex parte Anonymous, 531 So.2d 901 (Ala. 1988), and based on the deference afforded to the juvenile court's decision, we affirm the judgment of the juvenile court.
AFFIRMED.
Thompson, P.J., and Pittman, J., concur.
Moore, J., concurs in the result, without writing.

The specific relation is not contained within the record.

The dependency proceedings remained pending at the time of the trial in this action.

The minor does not raise an issue in her appellate brief regarding the scope of the arguments advanced by the district attorney.