PER CURIAM.
Under Alabama's parental-consent statutes, § 26-21-1 et seq., Ala. Code 1975 ("the Act"), an unemancipated minor must have the permission of her parent or guardian to have an abortion. The Act sets forth the procedure pursuant to which a minor may petition the courts for a waiver of the requirement of parental consent. See § 26-21-4, Ala. Code 1975.
In this case, a minor ("the minor") petitioned a juvenile court ("the juvenile court") for a judgment waiving the requirement of parental consent to allow her to have an abortion. The juvenile court conducted a hearing at which it received ore tenus evidence. On August 16, 2017, the juvenile court entered a judgment denying the minor's petition.[1] The minor timely appealed.
The Act requires the juvenile court to make certain findings, and if either of two specific findings are made, the juvenile court shall grant the minor's petition:
"(g) The required consent shall be waived if the court finds either:
"(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
"(2) That performance of the abortion would be in the best interest of the minor."
§ 26-21-4(g) (emphasis added).
In this case, the juvenile court made the following finding:
"That the petitioner/[minor] is mature and well informed as to the circumstances surrounding her present situation and the procedure and possible outcomes and/or consequences of allowing *987 such a procedure to occur in the manner requested."
The juvenile court further found, however, that, although granting the petition would "be easier" for the minor, "the Court cannot find that granting this petition is in this petitioner's best interests."
Our supreme court has held that "the petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests." Ex parte Anonymous, 595 So.2d 497, 498 (Ala. 1992). This court has recently explained:
"Pursuant to § 26-21-4(g), the legislature has provided that the juvenile court shall waive the parental-consent requirement if the court finds either: '(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or (2) That performance of the abortion would be in the best interest of the minor.' See also In re Anonymous, 771 So.2d 1043, 1044 (Ala. Civ. App. 2000) (quoting Ex parte Anonymous, 595 So.2d 497, 498 (Ala. 1992) ) (explaining that the ' "petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interest" '). We note that the legislature has provided that the juvenile court 'shall' waive parental consent if one of the requisite findings in § 26-21-4(g) is made. 'The word "shall" is clear and unambiguous and is imperative and mandatory.' Ex parte Prudential Ins. Co. of Am., 721 So.2d 1135, 1138 (Ala. 1998) (citing Tuscaloosa Cty. Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa Cty., 589 So.2d 687 (Ala. 1991) )."
In re Anonymous, [Ms. 2160759, July 12, 2017] 242 So.3d 1019, 1023 (Ala. Civ. App. 2017). See also In re Anonymous, 964 So.2d 1239, 1241 (Ala. Civ. App. 2007).
The juvenile court found that the minor in this case met one of the two circumstances necessary for a waiver of parental consent, i.e., that she was sufficiently mature and well informed to make the abortion decision. That finding alone was sufficient to require that the petition be granted. In re Anonymous, 242 So.3d at 1023 ; In re Anonymous, 964 So.2d at 1241. Accordingly, we must conclude that, in entering its August 16, 2017, judgment, the juvenile court misapplied the law. Ex parte Anonymous, 718 So.2d 64, 65 (Ala. Civ. App. 1998).
The juvenile court's judgment is reversed, and this court hereby renders a judgment granting a statutory waiver of parental consent.
We pretermit discussion of the remaining issues raised in the minor's appellate brief.
REVERSED AND JUDGMENT RENDERED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.
Thomas, J., concurs specially.
THOMAS, Judge, concurring specially.
I concur in the majority opinion. As the opinion states, a minor is entitled to a waiver of parental consent for an abortion if she satisfies the juvenile court either (1) that she "is mature and well-informed enough to make the abortion decision on her own" or (2) that "performance of the abortion would be in [her] best interest." Ala. Code 1975, § 26-21-4(g). In this case, the juvenile court determined that the minor *988 was sufficiently mature and well informed, and, thus, the minor met the prerequisite for a waiver.
The juvenile court appointed a guardian ad litem for the unborn child, as it was permitted to do pursuant to § 26-21-4(j). The guardian ad litem participated in the proceedings before the juvenile court and sought and received permission to file a brief before this court. In that brief, the guardian ad litem argued that the evidence before the juvenile court was not sufficient to support a conclusion that the minor was sufficiently mature and well informed to make the abortion decision on her own. Because the guardian ad litem did not file a conditional cross-appeal, however, we are precluded from considering that argument.[2] Had we done so, I may have been convinced that the denial of the waiver in this case was appropriate. Because we cannot consider that argument, I concur.

The juvenile court's judgment concludes that it is not in the minor's best interests for the court to grant the petition. The judgment does not explicitly state that the petition is denied or granted. However, in the interest of judicial economy, and because this case involves a time-sensitive issue, we interpret the judgment as denying the minor's petition.

See Ross v. Marion, 196 So.3d 250, 257 (Ala. 2015) (quoting Huntsville City Bd. of Educ. v. Sharp, 137 So.3d 917, 923 (Ala. Civ. App. 2013) ) (explaining that " 'a conditional cross-appeal [is an appeal that] becomes ripe for review in the event that the judgment under review is reversed as a result of the appeal' "), and Huntsville City Bd. of Educ. v. Frasier, 122 So.3d 193, 202 n.17 (Ala. Civ. App. 2013) (explaining that, in the absence of a conditional cross-appeal, we cannot entertain an argument from the appellee attacking the judgment).