RUSSELL, Judge.
This appeal involves the denial of a waiver of consent for an abortion by an un-emancipated minor who was five and one-half weeks pregnant at the time of the hearing.
The minor filed her petition on December 18, 1992, seeking a waiver of consent and requesting appointment of counsel. The matter was heard on December 22, 1992. The trial court denied the minor’s petition, finding that the minor was “not mature and well enough informed to make the abortion decision without parental involvement,” and that the performance of an abortion on the minor was not in her best interests. The minor appeals. We affirm.
We have carefully reviewed the record and the trial court’s lengthy order summarizing the evidence. The court’s order is well written and reasoned and thorough. After summarizing the evidence, the court sets out the reasons for its denial of a waiver as follows:
“First, she has virtually no informed basis of information concerning the medical and physical procedures to be done to her body if she goes through with an abortion. While she apparently believes herself to be in good health with only a minor asthma problem, she has absolutely no medical history to guide her in making a decision of this importance. She has no basis for an informed opinion that she would not be made sterile by this procedure, nor does she have any real appreciation of the risk she may be incurring, such as hemorrhaging, if she goes through with the operation. The conversations she has had with the abortion clinic are, in this Court’s opinion, very self-serving and do not adequately apprise [the minor] of the true extent of the risk and complications she might expect medically and physically. Moreover, the absence of a full and complete understanding of her possible emotional complications is even more glaring. She admittedly comes from a Christian family upbringing where high standards for sexual morality have been the order of the day. The Court understands her unwillingness to expose her mistake to her parents; however, the mere fear of embarrassment or loss of respect by her parents is not a sufficient ground to deny *720 them an opportunity to support her emotionally in making this decision. Without parental support, it seems to the Court that she stands a much greater risk of emotional turmoil in the future, especially if she has any complications, short range or long range, either medical, physical, or emotional. In summary, while [the minor] is intellectually competent, the Court does not find that she is experientially competent and sufficiently knowledgeable to make this decision.
“Secondly, [the minor] has fallen way short of convincing this Court that it is in her best interests to have this abortion without her parents’ knowledge. Her reasons for not wanting to tell her parents center mainly on embarrassment born out of her learned value system that sexual activity outside of marriage is not morally correct. Be that as it may, coming from a Christian family where she has had a good childhood and has two warm and loving parents, the Court is convinced that her parents would support whatever decision she might make, which fact she freely admitted before the Court. Her major sticking point appears to center more on her personal embarrassment from having failed to maintain the standard of sexual abstinence ingrained in her moral training and upbringing. She clearly does not want to embarrass herself in front of her parents or cause them to lose faith and confidence in her; however, the evidence is overwhelming that her parents would be very supportive and concerned about her welfare should they discover her pregnancy. With such strong, loving parental concern it is clear to this Court that parental involvement is definitely in this young woman’s best interest. It is clearly not in her best interest to forgo this very important emotional support and counsel from those who have the most vested interest in her present and future welfare, regardless of how unpleasant the situation may be initially when her parents learn of her pregnancy.”
We find that the trial court has fully complied with the requirements of the Parental Consent Act, §§ 26-21-1 through -4, Ala.Code 1975. The court held on the record that the minor is not mature and well enough informed to make the abortion decision on her own and that performance of the abortion would not be in the minor’s best interest. § 26 — 21—4(f)(1)— (2). The court’s legal conclusions are supported by specific findings. § 26-21-4(g).
The judgment of the trial court under the facts here should be accorded the presumption of correctness accorded all judgments and findings of trial court that have heard evidence ore tenus. A trial judge who has seen the minor and heard her testimony is in the best position to make determinations regarding her maturity. We cannot find the trial court’s determination to be plainly and palpably wrong. Matter of Anonymous, 515 So.2d 1254 (Ala.Civ.App.1987). Therefore, the trial court’s judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., concurs in result only.
THIGPEN, J., dissents.