### In re Complaint of JANE DOE.

[Cite as *In re Complaint of Jane Doe* (1994), 96 Ohio App.3d 435.]

Court of Appeals of Ohio,
Franklin County.

No. 94APF08–1171.

Decided Aug. 16, 1994.

436

*Sunbury, Underwood, Boyle & Kormanik* and *Sean O. Boyle*, guardian *ad litem*.

TYACK, Judge.

On August 11, 1994, Jane Doe filed a complaint in the Juvenile Division of the Court of Common Pleas of Franklin County, Ohio. Doe does not reside in Franklin County herself. She is only a matter of days from her eighteenth birthday, but seeks to terminate her pregnancy without parental notification before her eighteenth birthday because she will enter the second trimester of her pregnancy before her birthday.

On the same day as the complaint was filed, a hearing was conducted before a judge of the juvenile division. The judge who conducted the hearing noted:

"I can't find that your conduct with regard to this pregnancy has indicated sufficient maturity to believe that your are mature enough to have an abortion without parental notification. * * *"

As of the date of the filing, Doe was in her fifteenth week of pregnancy. Doe graphically described a horrible home life which more than justified her desire to conceal her pregnancy from her parents. The trial judge did not consider the applicability of R.C. 2151.85(A)(4)(b), but ordered the complaint dismissed because of a finding that the criteria in R.C. 2151.85(A)(4)(a) had not been met. In failing to consider the history of physical abuse and threats of further physical abuse, the trial court erred.

■ Upon review of the transcript of the testimony presented to the trial court, we find that the criteria set forth in R.C. 2151.85(A)(4)(b) have been met and that therefore Jane Doe is entitled to terminate her the pregnancy without parental notification.

The judgment of the trial court is therefore reversed. The case is remanded with instructions to grant the relief being sought.

*Judgment reversed*
*and cause remanded*
*with instructions.*

STRAUSBAUGH, J., concurs.

CLOSE, J., dissents.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

CLOSE, Judge, dissenting.

As I cannot agree with the majority, I must dissent. R.C. 2151.85(A)(4)(a) and (b) require that the complaint allege either, or both, of the following:

"(a) That the complainant is sufficiently mature and well enough informed to intelligently decide whether to have an abortion without the notification of her parents, guardian, or custodian;

"(b) That one or both of her parents, her guardian, or her custodian was engaged in a pattern of physical, sexual, or emotional abuse against her, or that the notification of her parents, guardian, or custodian otherwise is not in her best interest."

R.C. 2151.85(C)(1) requires that if the complainant makes only the allegation contained in the first instance and, if the court does not make the appropriate finding, it shall dismiss the complaint. That is precisely what happened here. As the trial court did not abuse its discretion on that issue, it should be affirmed.

While the majority takes issue with the trial court's not considering the applicability of R.C. 2151.85(A)(4)(b), the trial court was not required to do so, as that was not an allegation in the complaint. The fact that some testimony came out at hearing does not cure that defect. At best, if this court considers that evidence to have been taken and the trial court not to have considered it appropriately, it should remand to the trial court for the trial court to make a determination as to whether or not the minor's credibility was sufficient for a finding to that extent to have been made by clear and convincing evidence.

This decision transcends issues of philosophy as it relates to abortion. It deals with statutory construction. The statute must be complied with. I respectfully dissent.