## In re COMPLAINT OF JANE DOE.

[Cite as *In re Complaint of Jane Doe* (1999), 134 Ohio App.3d 569.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 99 CA 46.

Decided Oct. 8, 1999.

*Laura L. Myers,* for appellant Jane Doe.

*Per Curiam*

This is an appeal from a judgment entered by the Athens County Common Pleas Court, Juvenile Division, dismissing a complaint filed by Jane Doe, appellant herein, requesting authorization to terminate her pregnancy without parental notification.

Appellant assigns the following error for our review:

"The trial court abused its discretion in finding that (1) appellant was not sufficiently mature and well enough informed to decide intelligently whether to have an abortion without notifying a parent, guardian, or custodian; (2) notification of a parent, guardian, or custodian would not be in appellant's best interest."

Our review of the record reveals the following facts pertinent to this appeal. On September 30, 1999, appellant filed her complaint for authorization to terminate her pregnancy without parental notification. In her complaint, appellant asserted, *inter alia:*

"I am sufficiently mature and well enough informed to intelligently decide whether to have an abortion without notification of my parent, guardian, or custodian.

"Notification of my parent, guardian, or custodian of my desire to have an abortion is not in my best interest."

The trial court immediately appointed counsel to represent appellant. The trial court also appointed a guardian *ad litem* to represent appellant's interests.

On October 4, 1999, the trial court conducted a hearing to consider the complaint. The evidence adduced at the hearing revealed that appellant is approximately seventeen and one-half years old and she resides with her parents. Appellant is a senior in high school, she is a A and B student, and she is also involved in some school extracurricular activities. At one time, appellant held

part-time employment. Although appellant is not currently employed, she is now seeking new part-time employment.

This pregnancy is appellant's first pregnancy. She did not intend to become pregnant. She testified that she had regularly used birth control devices. Appellant further testified that she is aware of her options, and that she has acquired information concerning the medical procedure and the associated risks.

Appellant stated that neither she nor her boyfriend is financially capable of supporting a child. Appellant further stated that she hopes to attend college and to eventually leave the area. Appellant testified that at some point in the future, she wanted to have a family of her own.

The biological father, appellant's boyfriend, is a twenty-year-old college student. Appellant's boyfriend agrees with her decision to have an abortion. Appellant is still involved with her boyfriend.

Appellant stated that she does not believe that her parents will become violent or abusive if they learn about her situation. She fears, however, that this information could destroy her already tenuous relationship with her parents. Appellant acknowledges that she has been working to establish a better relationship with her parents.

Additionally, at the conclusion of the evidence, the guardian *ad litem* advised the court that she believed that appellant is sufficiently mature to make this decision without parental notification.

After hearing the evidence, the trial court dismissed appellant's complaint. The court's judgment entry provides that none of the statutory criteria had been established by clear and convincing evidence. Later that day, appellant filed a notice of appeal.

In her sole assignment of error, appellant asserts that the trial court abused its discretion by dismissing her complaint. Appellant argues that she is sufficiently mature and well informed to terminate her pregnancy without parental notification.

R.C. 2151.85 sets forth the procedure by which a minor female may seek permission to terminate her pregnancy without parental notification. The statute provides:

"(A) A woman who is pregnant, unmarried, under eighteen years of age, and unemancipated and who wishes to have an abortion without the notification of her parents, guardian, or custodian may file a complaint in the juvenile court of the county in which she has a residence or legal settlement, in the juvenile court of any county that borders to any extent the county in which she has a residence or legal settlement, or in the juvenile court of the county in which the hospital, clinic,

or other facility in which the abortion would be performed or induced is located, requesting the issuance of an order authorizing her to consent to the performance or inducement of an abortion without the notification of her parents, guardian, or custodian.

"The complaint shall be made under oath and shall include all of the following:

"(1) A statement that the complainant is pregnant;

"(2) A statement that the complainant is unmarried, under eighteen years of age, and unemancipated;

"(3) A statement that the complainant wishes to have an abortion without the notification of her parents, guardian, or custodian;

"(4) An allegation of either or both of the following:

"(a) That the complainant is sufficiently mature and well enough informed to intelligently decide whether to have an abortion without the notification of her parents, guardian, or custodian;

"(b) That one or both of her parents, her guardian, or her custodian was engaged in a pattern of physical, sexual, or emotional abuse against her, or that the notification of her parents, guardian, or custodian otherwise is not in her best interest.

"(5) A statement as to whether the complainant has retained an attorney and, if she has retained an attorney, the name, address, and telephone number of her attorney.

"(B)(1) The court shall fix a time for a hearing on any complaint filed pursuant to division (A) of this section and shall keep a record of all testimony and other oral proceedings in the action. The court shall hear and determine the action and shall not refer any portion of it to a referee. The hearing shall be held at the earliest possible time, but not later than the fifth business day after the day that the complaint is filed. The court shall enter judgment on the complaint immediately after the hearing is concluded. If the hearing required by this division is not held by the fifth business day after the complaint is filed, the failure to hold the hearing shall be considered to be a constructive order of the court authorizing the complainant to consent to the performance or inducement of an abortion without the notification of her parent, guardian, or custodian, and the complainant and any other person may rely on the constructive order to the same extent as if the court actually had issued an order under this section authorizing the complainant to consent to the performance or inducement of an abortion without such notification.

"(2) The court shall appoint a guardian ad litem to protect the interests of the complainant at the hearing that is held pursuant to this section. If the complain-

ant has not retained an attorney, the court shall appoint an attorney to represent her. If the guardian ad litem is an attorney admitted to practice of law in this state, the court also may appoint him to serve as the complainant's attorney.

"(C)(1) If the complainant makes only the allegation set forth in division (A)(4)(a) of this section and if the court finds, by clear and convincing evidence, that the complainant is sufficiently mature and well enough informed to decide intelligently whether to have an abortion, the court shall issue an order authorizing the complainant to consent to the performance or inducement of an abortion without the notification of her parents, guardian, or custodian. If the court does not make the finding specified in this division, it shall dismiss the complaint.

"(2) If the complainant makes only the allegation set forth in division (A)(4)(b) of this section and if the court finds, by clear and convincing evidence, that there is evidence of a pattern of physical, sexual, or emotional abuse of the complainant by one or both of her parents, her guardian, or her custodian, or that the notification of the parents, guardian, or custodian of the complainant otherwise is not in the best interest of the complainant, the court shall issue an order authorizing the complainant to consent to the performance or inducement of an abortion without the notification of her parents, guardian, or custodian. If the court does not make the finding specified in this division, it shall dismiss the complaint.

"(3) If the complainant makes both of the allegations set forth in divisions (A)(4)(a) and (b) of this section, the court shall proceed as follows:

"(a) The court first shall determine whether it can make the finding specified in division (C)(1) of this section and, if so, shall issue an order pursuant to that division. If the court issues such an order, it shall not proceed pursuant to division (C)(3)(b) of this section. If the court does not make the finding specified in division (C)(1) of this section, it shall proceed pursuant to division (C)(3)(b) of this section.

"(b) If the court pursuant to division (C)(3)(a) of this section does not make the finding specified in division (C)(1) of this section, it shall proceed to determine whether it can make the finding specified in division (C)(2) of this section and, if so, shall issue an order pursuant to that division. If the court does not make the finding specified in division (C)(2) of this section, it shall dismiss the complaint.

"(D) The court shall not notify the parents, guardian, or custodian of the complainant that she is pregnant or that she wants to have an abortion.

"(E) If the court dismisses the complaint, it immediately shall notify the complainant that she has a right to appeal under section 2505.073 of the Revised Code.

"(F) Each hearing under this section shall be conducted in a manner that will preserve the anonymity of the complainant. The complaint and all other papers and records that pertain to an action commenced under this section shall be kept confidential and are not public records under section 149.43 of the Revised Code.

"* * *

"(I) As used in this section, 'unemancipated' means that a woman who is unmarried and under eighteen years of age has not entered the armed services of the United States, has not become employed and self-subsisting, or has not otherwise become independent from the care and control of her parent, guardian, or custodian."

Thus, pursuant to R.C. 2151.85(C), a complainant must establish, by clear and convincing evidence, one or more of the allegations set forth in division (A)(4)(a) or (b).

In *In re Jane Doe 1* (1990), 57 Ohio St.3d 135, 566 N.E.2d 1181, syllabus, the Ohio Supreme Court held:

"Absent an abuse of discretion by the juvenile court, the dismissal of a complaint brought by an unemancipated pregnant minor seeking authorization to have an abortion pursuant to R.C. 2151.85 shall not be disturbed."

■■ Therefore, when reviewing trial court judgments concerning parental notification, appellate courts must determine whether the trial court abused its discretion in finding that the appellant did not prove either R.C. 2151.85(A)(4)(a) or (b) by clear and convincing evidence. See, generally, *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 19 OBR 123, 482 N.E.2d 1248; *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301; *In re Jane Doe 1, supra.* We note that the clear and convincing evidence standard is defined as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60.

Additionally, we note that relatively few Ohio cases exist addressing the parental notification issue. See *In re Jane Doe 1* (1990), 57 Ohio St.3d 135, 566 N.E.2d 1181; *In re Complaint of Jane Doe* (1994), 96 Ohio App.3d 435, 645 N.E.2d 134; *In re Complaint of Jane Doe* (1993), 83 Ohio App.3d 98, 613 N.E.2d 1112; *In re Complaint of Jane Doe* (1992), 83 Ohio App.3d 904, 615 N.E.2d 1142; *In re Jane Doe* (July 16, 1998), Franklin App. No. 98AP–852, unreported, 1998 WL 400769; *In re Jane Doe* (May 30, 1991), Montgomery App. No. CA0001, unreported, 1991 WL 96269.

After our review of the evidence and counsel's argument, we conclude that appellant is sufficiently mature and well-informed to make this important and difficult decision without parental notification. We believe that in the case *sub judice*, appellant expressed a rational desire to terminate her pregnancy and that appellant expressed a rational concern about the consequences of notifying her parents of her intentions. Thus, under the facts and circumstances presented herein, we find that trial court abused its discretion by finding that appellant is not sufficiently mature and well enough informed to intelligently decide whether to terminate her pregnancy without notifying her parents. See R.C. 2151.85(A)(4)(a).[1]

We agree with appellant that the instant case bears great similarity to a case decided by the Franklin County Court of Appeals. In *In re Complaint of Jane Doe* (1993) 83 Ohio App.3d 98, 101, 613 N.E.2d 1112, 1114, the court cited the relevant facts as follows:

"Appellant testified as follows: appellant would turn eighteen years of age on August 28, 1993; appellant is a senior in high school, taking college preparatory classes, and has maintained a 3.6 grade point average; appellant is also involved in several extracurricular activities; appellant is employed and works approximately thirteen hours each week; the money appellant earns from her employment is given to her mother in order to help pay for appellant's college education;

---

1.  Appellant's complaint asserts (1) that she is sufficiently mature and well enough informed to intelligently decide whether to have an abortion without notification of her parent, guardian, or custodian and (2) that notification of her parent, guardian, or custodian of her desire to have an abortion is not in her best interest. We note that if a trial court finds that a complainant lacks the requisite maturity to decide intelligently whether to have an abortion, the court must proceed to determine whether dispensing with parental notification would be in appellant's best interest. See R.C. 2151.85(C)(3). In Kurtz and Gianelli, Ohio Juvenile Law (1999), Section 10.8, the authors note:

"If the complaint contains only the allegation concerning maturity and if the court finds that maturity has been proven by clear and convincing evidence, the court shall issue an order authorizing the minor female to consent to the abortion without parental notification. The court is required to dismiss the complaint if it does not make the finding.

"If the complaint contains only the allegation concerning parental abuse or best interest, and if the court finds by clear and convincing evidence that there is a pattern of parental abuse or that the parental notification otherwise is not in the best interest of the complainant, the court must issue the order of authorization. The failure of the court to make either finding requires dismissal of the complaint.

"*If the complaint contains allegations concerning both maturity and either parental abuse or best interest, or if the complaint includes all three allegations, the court is required to rule on the issue of maturity first. Only if the court finds against the minor female on the issue of maturity shall it determine the other allegations of the complaint. The court must dismiss the complaint if it determines that the minor female has not established any of the requisite allegations by clear and convincing evidence.*" (Emphasis added.)

In the case *sub judice*, it appears that the trial court complied with this requirement. We note that the court's judgment entry provides that "none of the criteria" has been established by clear and convincing evidence.

appellant will be starting college in the fall; appellant has a steady boyfriend and, ordinarily, appellant's boyfriend used condoms as a form of birth control; although appellant's boyfriend ordinarily used condoms, on this one occasion he did not and she became pregnant; appellant has spoken with her boyfriend concerning the pregnancy and he supports her decision to have an abortion; neither appellant nor her boyfriend is financially or emotionally prepared to take care of a child at this time; appellant has a good relationship with her mother, but fears that her mother would lose all trust in her if appellant informed her of this pregnancy; appellant would need to put her college education on hold if she was to have the baby and she believes that her mother would also put her career on hold in order to help appellant raise the child; appellant has an aunt with whom she could confide concerning her decision to have this abortion and the difficulty that she may have following the abortion; and appellant indicated that she was well informed of the risks inherent not only in having an abortion but, also, inherent in carrying this baby full term."

The court, after consideration of the foregoing facts, reversed the trial court's judgment. The court held at 83 Ohio App.3d at 101, 613 N.E.2d at 1115:

"The trial judge determined that appellant had failed to establish, by clear and convincing evidence, any of the criteria set forth in R.C. 2151.85(A)(4)(a) or (b). In light of the foregoing testimony, it was unreasonable for the trial judge to dismiss the complaint by essentially finding that appellant did not prove her 'maturity' allegation by clear and convincing evidence. This court notes that, although the fact that appellant, an unemancipated minor, is pregnant indicates a certain level of immaturity, the legislature has envisioned that, notwithstanding this fact, she may be sufficiently mature to make the decision to terminate the pregnancy. After reviewing the transcript in this case, this court cannot perceive what other evidence appellant could have presented before the trial court to establish her 'maturity.' "

Thus, the Franklin County Court of Appeals held that, in view of the evidence adduced at the hearing, the complainant met the requisite maturity level. We note that the court emphasized that the Ohio General Assembly has determined, in the exercise of its wisdom as the legislative branch of government, that minor females may be sufficiently mature to decide to terminate their pregnancy.

■ At this juncture, we wish to emphasize that the issue before the court is an issue involving statutory interpretation and the application of the statute to the facts in this particular case. The issue of whether the termination of a pregnancy is lawful has been decided by the United States Supreme Court. Thus, under present law a person has a constitutional right to terminate a pregnancy. Arguments concerning the propriety of abortion in general are beyond the scope of this opinion and do not influence our decision. Furthermore,

we emphasize that in a proceeding of this nature, the trial court's role and this court's role is to focus upon the factors prescribed by the Ohio General Assembly. It is not a court's function to question the wisdom of a legislative enactment.

Accordingly, we sustain appellant's assignment of error and reverse the trial court's judgment. Judgment is hereby entered in appellant's favor without the necessity of remand to the trial court. Therefore, appellant is hereby authorized to consent to the performance or the inducement of an abortion without the notification of her parents, guardian, or custodian.

*Judgment reversed.*

PETER B. ABELE and EVANS, JJ., concur.

KLINE, P.J., dissents.

KLINE, Presiding Judge, dissenting.

I respectfully dissent. I do not think that the trial court abused its discretion. Thus, I would affirm the trial court's judgment.

Appellant testified that it would not be in her best interest to tell her parents about her pregnancy. She stated that "[r]ight now this whole year is basically dedicated to making the relationship with my parents better and having them *trusts* [*sic*] me enough to not worry about when I am off on my own and not think something awful is going to happen to me and *trust* me enough to let me be alone without them coming around every other day or something." (Emphasis added.) Appellant's attorney asked her what she thought her parents' reaction would be if she told them she was pregnant. She stated, "I think it would ruin any chances of a relationship that I have with them. They probably wouldn't *trust* me to go off to college on [*sic*] myself and they would want me to go to O.U. and live with them.[2] I am not exactly sure where they stand on this issue and I don't know if they would want me to have the child or if they would be okay with the abortion." (Emphasis added.)

In essence, appellant is arguing that she is spending this whole year building a "trust" relationship with her parents and telling them her "problem" would spoil it. Webster's Third New International Dictionary defines trust as follows: "assured reliance on some person or thing: a confident dependence on the character, ability, strength, or truth of someone or something." Webster's Third New International Dictionary (3 Ed.Rev.1993) 2456. Under this definition, in order to build trust, appellant would need to tell her parents her problems rather

---

2. Appellant testified that she can go to Ohio University for free. However, she wants to leave Athens and go somewhere else.

than hiding them. Honesty and truthfulness build trust. Thus, appellant could continue to dedicate this whole year to making the relationship with her parents better by honestly sharing her problem with them.

Appellant's definition of the word "trust" shows immaturity. Moreover, I do not believe a mature person would decide to have an abortion based strictly on a "home pregnancy" test. Before terminating a pregnancy, a "mature" person would first determine if the pregnancy does indeed exist.

In short, I agree with the appellant that it would be in her "best interest" to establish a trusting relationship with her parents. I disagree with her on how to accomplish that goal.

Thus, I dissent.