In 1987 the Alabama Legislature essentially codified the abortion rights of minors articulated in Bellotti v. Baird, 443 U.S. 622 (1979). §§ 26-21-1 et seq., Ala. Code 1975. As judges bound by an oath to support, inter alia, the laws of the State of Alabama, we must apply those laws, regardless of our personal views as to the wisdom or soundness of the constitutional doctrine articulated by the United States Supreme Court.
Parental consent to an abortion may be waived, according to the statute, when the trial court finds either that the minor is mature and well-informed enough to make such a decision on her own or that an abortion is in the best interests of the minor. § 26-21-4(f). However, this Court recognized in Ex parte Anonymous, 595 So.2d 497
(Ala. 1992), that "under this section, the petition for waiver of parental consent may be denied only if the court specifically finds both
that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests." 595 So.2d at 498 (emphasis in original). The trial court in this case found adversely to the petitioner both as to her maturity and as to whether the abortion was in her best interests.
Section 26-21-4(g) requires the trial court to issue written and specific factual findings and legal conclusions supporting its decision. The main opinion correctly notes that the trial court did not link its determination that the minor was not mature to its observation of her demeanor while she testified at the hearing. The validity of the trial court's findings that she was not mature therefore turns upon the merit of the objective factors upon which the trial court relied.
The factors on which the trial court relied are: (a) the petitioner's failure to avail herself of the knowledge and experience of her 19-year-old sister, who lives with her in the family home; (b) the petitioner's failure to avail herself of the knowledge and experience of her mother's best friend, who has offered counseling to the petitioner and her sister; (c) the petitioner's failure to have talked with anyone who has lost a child, although she had talked with a schoolmate who had had an abortion at some point before the petitioner became sexually active; (d) the petitioner's failure to consult her sister when, approximately six months before the hearing, she decided to engage in sexual intercourse; (e) the petitioner's apparently uninformed choice of condoms as a method of birth control; and (f) the petitioner's failure to consult her mother, who also became pregnant out of wedlock and bore the petitioner's older sister.
All of these factors deal with the petitioner's failure to confide in people who might have given her advice. One of them *Page 796 
relates solely to the petitioner's conduct six months before she became pregnant and another to her method of birth control while having sexual relations with her boyfriend. I am unable to conclude that the phenomenon of becoming pregnant in reliance upon ineffective birth-control measures, whether married or single, indicates immature conduct of a type associated predominantly with persons under the age of majority. Moreover, we would frustrate the intent of the Legislature if we were to determine that the mere fact of a teen-aged pregnancy caused by using condoms instead of birth-control pills was a sufficient ground for a trial court to find a petitioner to be immature. See In re Jane Doe, 83 Ohio App.3d 98,613 N.E.2d 1112 (1993), in which the Ohio Court of Appeals reversed a trial court's denial of a waiver of parental notification for an abortion. The Ohio statute is similar to Alabama's; it requires that in order to obtain a waiver, the minor must be "sufficiently mature and well enough informed to intelligently decide whether to have an abortion without the notification of her parents, guardian, or custodian." Ohio Rev. Code § 2151.85(A)(4)(a). After detailing the evidence presented to the trial court, evidence strikingly similar to the evidence presented in this case, the Ohio Court of Appeals noted "that, although the fact that appellant, an unemancipated minor, is pregnant indicates a certain level of immaturity, the legislature has envisioned that, notwithstanding this fact, she may be sufficiently mature to make the decision to terminate the pregnancy." 83 Ohio App.3d at 101, 613 N.E.2d at 1115. The Court of Appeals concluded that the minor had proved the maturity component of the statute by clear and convincing evidence.
The significance of the petitioner's failure to seek advice from the persons listed in the order is undercut by the trial court's express finding that "[the petitioner] is well-informed as to how it [the abortion] will be done, as to the risks involved, as to the alternatives to abortion." The trial court then concluded, "She is well-informed enough to make the decision." The trial court apparently grounded its decision that the petitioner was not mature on the petitioner's decision to obtain the information regarding abortion from sources other than her mother, her sister, or a woman close to her mother, noting, "It is obvious that she simply does not want anyone to know of her situation."
I have difficulty concluding that a desire for secrecy under these circumstances indicates immature conduct of the type associated predominantly with persons under the age of majority. However, I recognize that reasonable persons might consider it appropriate for a minor to seek the guidance of a trusted family member in attempting to become well-informed enough to decide whether to undergo an abortion. On the record before us, the minor bypassed her older sister, her mother, and her mother's best friend. The petitioner's failure to consult her mother, especially in view of the mother's personal experience, is troubling. However, we are again met with a legislative command that overrides such a concern. Section 26-21-4(a), Ala. Code 1975, mandates that in evaluating a minor's petition we not consider her failure to consult with her parents. The statute states, in pertinent part:
 "A minor who elects not to seek or does not or cannot for any reason, obtain consent from either of her parents or legal guardian, may petition, on her own behalf, the juvenile court, or the court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this chapter."
(Emphasis added.)
As the main opinion points out, this Court, in Ex parte Anonymous,618 So.2d 722 *Page 797 
(Ala. 1993), relying on § 26-21-4(a), reversed a trial court's denial of a petition for a waiver of parental consent where "`[t]he trial court based its denial largely upon the minor's testimony that she had a good relationship with her parents, and that she would not suffer retribution or violence from her parents if she informed them of her situation and decision.'" 618 So.2d at 724 (quoting In reAnonymous, 618 So.2d 718 (Ala.Civ.App. 1993) (Thigpen, J., dissenting)). The Court then agreed with Judge Thigpen's observation that § 26-21-4(a) "`does not require a finding that the minor have a fear of punishment before she may be granted a waiver of parental consent; rather, if the minor for whatever reason elects not to involve her parents, then the trial court may adjudicate the case in accordance with the guidelines in Ex parte Anonymous, 595 So.2d 497 (Ala. 1992).'" Id. (emphasis in original).
Under the command of § 26-21-4(a), a pregnant minor is entitled not to involve her parents for any reason, be it good, bad, or otherwise, and using her decision not to involve her parents as evidence of her immaturity conflicts with a statutory right. It is not within the province of this Court to question the wisdom of the statute or for a Justice to use his or her personal disapproval of the requirements of the statute as a reason for not applying it.
The only remaining basis for the trial court's finding that the minor is not mature is the minor's decision not to involve her sister or her mother's best friend. In this respect, the issue presented here goes a step beyond that presented in Ex parte Anonymous discussed above, which addressed the legislative command that a pregnant minor be allowed to withhold disclosure from her parents for any reason of the fact that she is seeking a waiver. However, under all of the circumstances here presented, including the trial court's express finding that the petitioner is well-informed and the prospect that required disclosure to a sister or the mother's best friend might defeat the legislatively assured right of a pregnant minor to proceed without involving her parents, I am compelled to conclude that the able trial judge's findings as to immaturity in this case are legally insufficient.
Because these findings are legally insufficient, this Court need not consider the validity of the trial court's separate determination that abortion was not in the minor's best interests. As previously noted, a finding of both immaturity and incompatibility with the best interests of the minor is necessary. If the trial court's findings as to maturity are insufficient, then the petitioner is deemed mature and the decision whether to have an abortion is her own, regardless of whether that decision is ultimately in her best interests. See Bellotti, supra,443 U.S. at 650, where the United States Supreme Court held that "if the minor satisfies a court that she has attained sufficient maturity to make a fully informed decision, she then is entitled to make her abortion decision independently."
I also agree with the main opinion's conclusion that it is unnecessary to reach the issue regarding the trial court's appointment of a lawyer to represent the fetus. However, I adhere to the views supporting the propriety of such an appointment previously expressed in the special writing in In re Anonymous, 720 So.2d 497 (Ala. 1998), (Hooper, C.J., and Maddox, See, and Lyons, JJ., concurring specially in part and dissenting in part).
Stuart, J., concurs.