DECISION.
The appellant, Jane Doe, appeals, as provided in R.C. 2505.073, the judgment of the Hamilton County Juvenile Court denying her application to have an abortion without parental notification. The single issue for review is whether, as required by R.C. 2151.85 (A)(4)(a) and (C)(1), she presented clear and convincing evidence that "she is sufficiently mature and well enough informed to decide intelligently whether to have an abortion without notification of her parent * * *." We hold that the record clearly and convincingly supports her contention that she is sufficiently mature and reverse the judgment of the Hamilton County Juvenile Court.
Jane Doe is seventeen years old; she will be 18 in September. Obviously, at that time she could herself consent to the procedure. She testified below that, if forced to wait until her birthday, she would have the procedure anyway, but it would be more of a health risk. The only real question, then, is whether she will have a safer procedure, not whether she will have it at all.
Jane Doe has graduated from high school, will be attending college next month, and will be living separate from her parents. In addition to school, she has been employed part-time since she was 15, and has saved $4,000 for her college education. She had an excellent academic record as a high-school honor student enrolled in advanced college-preparatory courses. She graduated with a 4.1 average (on a 4-point scale — the additional .1 was possible because of extra credit for advanced classes). She was on the honor roll every semester. She earned a full academic scholarship to college, covering room, board, tuition, and books. In high school, she participated in various extracurricular activities, and became a member of various academic societies, including the National Honor Society.
In a similar case the Fourth Appellate District held that, given the testimony — not even as persuasive as that in this case — it was an abuse of the trial court's discretion to fail to find that the young lady was sufficiently mature to make the abortion decision.[1]
And the testimony in our present case is even stronger than the evidence that persuaded the Tenth District to reverse a trial court decision.[2]
In that case, the court commented "After reviewing the transcript in this case, this court cannot perceive what other evidence appellant could have presented before the trial court to establish her `maturity.'"
We also cannot conceive of a case stronger than the present one. If permission is not granted in this case, it will never be. The law must be followed, whether or not it fits our personal preferences. To refuse to grant permission in this case would be to render R.C. 2151.85
meaningless.
Evidence in this record of (1) Jane Doe's relationship with her family and her desire to protect it from potential conflict, (2) her academic standing in her high-school class, (3) her active participation and leadership role in school extracurricular activities, (4) her acceptance to college as a scholarship student, (5) her consideration of adoption or foster care as alternatives, and (6) her introspection related to the consequences of her decision demonstrates clearly and convincingly, consistent with the legislative intent of R.C. 2151.85 that Jane Doe is sufficiently mature and well informed to decide intelligently whether to have an abortion without notification of her parents.
Accordingly, we hold that the judgment of the Hamilton County Juvenile Court is unreasonable and thus an abuse of discretion.
It is therefore ordered that the judgment of the trial court be reversed and the petition be sustained and the complainant is hereby authorized to consent to the performance or inducement of an abortion without the notification of a parent, guardian, or custodian.
If the appellant believes that this opinion may disclose her identity, appellant has a right to appear and argue at a hearing before this court. Appellant may perfect this right to a hearing by filing a motion for a hearing within fourteen days of the date of this decision.
The clerk is instructed that this decision is not to be made available for release until: (1) twenty-one days have passed since the date of the decision and appellant has not filed a motion, or (2) if appellant has filed a motion, after this Court has ruled on the motion.
Judgment accordingly.
Painter, P.J., Doan and Hildebrandt, JJ.
[1] See In Re Complaint of Jane Doe (1999), 134 Ohio App.3d 569,731 N.E.2d 751.
[2] See In Re Complaint of Jane Doe (1993), 83 Ohio App.3d 98,613 N.E.2d 1112.