JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On May 29, 2007, appellant filed a complaint under R.C. 2151.85
and Sup.R. 23 requesting the Juvenile Division of the Court of Common Pleas issue an order authorizing her to consent to an abortion without notifying her parent, guardian, or custodian. In her complaint, appellant asserted the following grounds for relief: (1) that she was of sound mind and sufficient intellectual capacity to consent to an abortion, and, (2) that notification of her parent, guardian, or custodian of her desire to have an abortion was not in her best interest.
 {¶ 2} The Juvenile Court held a hearing on June 1, 2007. The trial court found the testimony did not provide clear and convincing evidence substantiating the grounds asserted by appellant and dismissed the complaint. Appellant filed a notice of appeal on June 6, 2007. The trial court's journal entry dismissing the complaint was filed with the clerk and journalized on June 7, 2007.
 {¶ 3} On June 8, 2007, the clerk of this court placed the appeal on this court's docket, and a hearing was held on June 13, 2007. Appellant submits the following two errors for our review:
 "I. The trial court erred when it held that Jane Doe was not sufficiently mature when she demonstrated knowledge of the abortion procedure as well as the risks involved."
 "II. The trial court erred in holding that there was insufficient evidence that granting the petition was in Jane's best interest."
 {¶ 4} Having reviewed the record and pertinent law, we affirm the decision of the juvenile court. *Page 4 
 Sufficiently Mature {¶ 5} In her first assigned error, appellant contends the trial court abused its discretion in concluding she was not sufficiently mature to consent to an abortion. We disagree.
 {¶ 6} Our standard of review in this matter is well settled. "Absent an abuse of discretion by the juvenile court, the dismissal of a complaint brought by an unemancipated minor seeking authorization to have an abortion pursuant to R.C. 2151.85 shall not be disturbed."[1]
The term abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary, or unconscionable.[2] "Above all, a reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge "* * * is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. * * *"[3]
 {¶ 7} Appellant testified that she is seventeen years old and currently lives with her mother. She has a ten-month-old child, with whom appellant's mother helps to raise. The appellant had an abortion three months ago, with the consent of her mother. The previous abortion occurred when the fetus was five-months old. The *Page 5 
appellant is still emotionally upset about the prior abortion, but believes the current abortion will not be as traumatic because the fetus is not fully developed.
 {¶ 8} Appellant was receiving Depro Provera shots after her first pregnancy. When she became pregnant again, she was prescribed birth control pills. She maintains that in spite of taking the pills as prescribed, she has become pregnant again.
 {¶ 9} She does not want to tell her mother of her current pregnancy because she believes her mother will be angry because she desires a better life for her daughter. However, appellant does believe her mother would be supportive if she was told of her current predicament.
 {¶ 10} Dr. Todd Hendrix conducted a clinical interview with the appellant. Based on his interview, he concluded appellant was not sufficiently mature to consent to the abortion. His opinion was based on the following factors: (1) appellant had an abortion three months ago with the consent of her mother; (2) she has a ten-month-old daughter; (3) She has had to repeat a grade in school due to her "not doing the work" and "playing around;" (4) she was suspended from school last year for fighting; (5) she has no work history except for one job that lasted several months; (6) she is not functioning independently financially; and (7) she still becomes emotional when talking of her prior abortion, which indicates she is not emotionally able to make the current decision on her own.
 {¶ 11} Based on the appellant's and Dr. Hendrix's testimony, we conclude the trial court did not abuse its discretion in concluding that appellant is not sufficiently *Page 6 
mature to consent to an abortion. This is the appellant's third pregnancy, indicating she is in need of parental guidance. Moreover, her school record indicates a lack of maturity. In addition, the fact she has not come to terms emotionally with the abortion she had a mere three months ago, indicates she is not emotionally ready to make this decision on her own.
 {¶ 12} Appellant attempts to compare herself to the girls in other parental consent cases in which the trial court's dismissal was reversed. However, "the correctness of a juvenile court's dismissal of a complaint brought under R.C. 2151.85 must be scrutinized on a case-by-case basis * * *."[4] Moreover, the girls' situations in those cases are distinguishable.
 {¶ 13} In the Tenth District decision[5], the girl was seventeen years old. This was her first pregnancy. She was taking college prep courses and working thirteen hours a week to save money for college. Therefore, she displayed mature choices in life. In the Fourth District case[6], the girl was seventeen years old, a good student, and it was her first pregnancy. In addition, the Guardian Ad Litem testified that he believed the girl was sufficiently mature to consent to an abortion.
 {¶ 14} In comparison with these girls, the evidence in the instant case does not support appellant's contention that she is sufficiently mature to consent to an abortion. Although she contends on appeal she has a 3.6 grade point average, is *Page 7 
involved in extracurricular activities and employed, the record does not indicate this. The evidence indicates that her school record was less than desirable. She had to repeat a grade and was suspended last year for fighting. There was no indication she engaged in extracurricular school activities. She had one job in her lifetime, which was last summer, and it only lasted several months. Appellant also contends she has a steady relationship with her boyfriend, however, his existence was not mentioned to the trial court. Accordingly, based on the record before us, appellant's first assigned error is overruled.
 Best Interest {¶ 15} In her second assigned error, appellant contends the trial court erred by refusing to find that granting the petition was in Jane's best interest. She contends that although her mother is not abusive, that telling her she is pregnant again could harm their relationship.
 {¶ 16} The evidence indicated that appellant believed her mother would be angry if she was told her daughter was pregnant again. However, appellant conceded that her mother would be supportive in resolving the situation. Under these circumstances, we cannot say the trial court abused its discretion in refusing to conclude that it was in appellant's best interest to grant the petition. Accordingly, appellant's second assigned error is overruled.
 Judgment affirmed. *Page 8 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
If appellant believes that this opinion may disclose her identity, appellant has the right to appear and argue at a hearing before this court. Appellant may perfect this right to a hearing by filing a motion for a hearing within fourteen days of the date of this opinion.
The clerk is instructed that this opinion is not to be made available for release until either of the following: (1) Twenty-one days have passed since the date of the opinion and appellant has not filed a motion; (2) If appellant has filed a motion, this court has ruled on the motion.
JAMES J. SWEENEY, P.J., and SEAN C. GALLAGHER, J., CONCUR
[1] In re Jane Doe 1 (1991), 57 Ohio St.3d 135, syllabus.
[2] Id.; State v. Adams (1980), 62 Ohio St.2d 151, 157.
[3] Id., citing, Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
[4] In re Jane Doe I, 57 Ohio St.3d at 137.
[5] In re Complaint of Jane Doe (1993), 83 Ohio App.3d 98.
[6] In re Complaint of Jane Doe (1999), 134 Ohio App.3d 569. *Page 1