JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Jane Doe, a minor, appeals from the judgment entered in the Cuyahoga County Court of Common Pleas, Juvenile Division, which dismissed her complaint for an order authorizing consent for an abortion without the notification of her parent, guardian or custodian, pursuant to R.C. 2151.85. For the reasons set forth below, we affirm.
 {¶ 2} On October 2, 2008, Appellant filed a complaint under R.C. 2151.85 and Sup. R. 23 requesting that the Juvenile Division of the Court of Common Pleas issue an order authorizing her to consent to an abortion without the notification of her parent, guardian or custodian. In her complaint, Appellant asserted that she is of sound mind and has sufficient intellectual capacity to consent to an abortion.
 {¶ 3} The juvenile court held a hearing on October 7, 2008. The trial court stated that Appellant "is not sufficiently mature enough and adequately informed to decide intelligently whether or not to have an abortion and the Court further determines that an abortion is not in [her] best interest." Appellant filed a notice of appeal, which was docketed on October 14, 2008. She advances two errors for our review:
 {¶ 4} The first assignment of error states:
 {¶ 5} "Appellant was denied her right to effective assistance of counsel when counsel failed to prepare Appellant for the hearing and failed to conduct proper examination of Appellant as witness." *Page 3 
 {¶ 6} As an initial matter, we note that pursuant to R.C. 2919.121(C)(4), "[n]o juvenile court shall have jurisdiction to rehear a petition concerning the same pregnancy once a juvenile is granted or denied the petition."
 {¶ 7} We therefore simply assume for purposes of this appeal, but do not specifically decide, that a claim of ineffective assistance is recognizable in this matter.
 {¶ 8} A claim of ineffective assistance of counsel is established where counsel's performance fell below an objective standard of reasonable representation and this prejudiced the client. Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
 {¶ 9} We further note that at its essence, the instant matter is designed to probe the petitioner's "emotional development, maturity, intellect and understanding," see R.C. 2919.121(C)(2), and whether she is "sufficiently mature and well enough informed to decide intelligently whether to have an abortion." R.C. 2151.85. It is not a traditional adversarial proceeding.
 {¶ 10} In this matter, we do not find trial counsel to be ineffective. It is obvious to us that Appellant appeared for the hearing fully informed of options available to her, as well as the details and ramifications of the procedure. We therefore cannot say that counsel did not adequately prepare her for the proceedings. Further, counsel's examination addressed the grounds set forth in the petition and also outlined Appellant's reasoning and thought-processes in seeking the judicial consent. Counsel's questions illuminated Appellant's emotional development, maturity, intellect, understanding, and maturity. Therefore, we also *Page 4 
reject the contention that counsel did not conduct a proper examination in this matter. Counsel's performance did not fall below an objective standard of reasonableness and did not prejudice Appellant.
 {¶ 11} This assignment of error is overruled.
 {¶ 12} The second assignment of error states:
 {¶ 13} "The trial court abused its discretion in failing to grant Appellant's complaint for an order authorizing her to consent to an abortion without the notification of her parent, guardian, or custodian as provided by R.C. 2151.85."
 {¶ 14} The standard of review for appeals from juvenile court orders dismissing a complaint filed under R.C. 2151.85 is well-settled: "[a]bsent an abuse of discretion by the juvenile court, the dismissal of a complaint brought by an unemancipated pregnant minor seeking authorization to have an abortion pursuant to R.C. 2151.85 shall not be disturbed." In Re Jane Doe 1 (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181, syllabus. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 15} Above all, a reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. In Re Jane Doe 1 (1991), *Page 5 
57 Ohio St.3d 135, 566 N.E.2d 1181, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 461 N.E.2d 1273, 1276.
 {¶ 16} In this instance, upon review of the arguments presented and testimony and evidence proffered, including the audiotape of the trial court proceedings (App. R. 11.2(B)(3)), we conclude that the trial judge did not abuse his discretion in finding that Appellant did not sustain her burden in proving, by clear and convincing evidence, the allegations outlined in R.C. 2151.85. Appellant is sixteen years old. She has a high grade point average, has held part-time employment and participated in an extracurricular activity. Under the totality of the record, however, this is insufficient to show an abuse of discretion. Cf. In Re Jane Doe1 (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181.[1] Although Appellant is bright, much of her testimony reflected immaturity. She, to borrow a phrase used in the lower court, seemed to engage in "magical thinking" that she would not become pregnant from having unprotected sex. She stated that she would simply stop having sex until she was married or established in her career, but she acknowledged that she had been sexually active for a year and has a steady boyfriend.
 {¶ 17} Moreover, her decision seems to be the product of her "panic" and desire for a quick solution. This weighs against a conclusion that she has engaged in well-reasoned and careful decision-making. See In ReJane Doe 01-01 (2001), 114 Ohio App.3d 20, *Page 6 749 N.E.2d 807. She immediately sought the counsel of her boyfriend who then arranged for her to speak with someone who had faced a similar issue and then had obtained an abortion. This somewhat negates a finding of introspection in weighing the consequences. She has been having sex, largely without contraception, for an extended period of time and this is indicative of the need for parental guidance. Cf. In Re Jane Doe1 (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181.
 {¶ 18} In addition, although there was testimony that Appellant's parents would be disappointed in her, she admitted that she and her mother were very close. Cf. In Re Jane Doe (1999), 134 Ohio App.3d 569,731 N.E.2d 751 (abuse of discretion established where the minor was sufficiently mature and well-informed and feared that already tenuous relationship with her parents would be further impaired). Finally, although the counselor from the court's diagnostic center stated that Appellant "qualifies" under the prevailing standards, he admitted that her personality included both indications of maturity and immaturity and that she was somewhere in the middle on the "continuum of maturity."
 {¶ 19} In accordance with the foregoing, we conclude that the trial court did not abuse its discretion by finding that Appellant failed to demonstrate, by clear and convincing evidence, that notification of her parent, guardian or custodian of her desire to have an abortion was not in her best interest. The assignments of error are overruled.
Judgment affirmed.
 The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
If Appellant believes that this opinion may disclose her identity, Appellant has the right to appear and argue at a hearing before this court. Appellant may perfect this right to a hearing by filing a motion for a hearing within fourteen days of the date of this opinion.
The clerk is instructed that this opinion is not to be made available for release until either of the following: (1) Twenty-one days have passed since the date of the opinion and Appellant has not filed a motion; (2) If Appellant has filed a motion, this court has ruled on the motion.
COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR
[1] Because most of the cited cases share the name "In Re Doe "
internal cross-references such as "Id." and "supra" are not appropriate herein. *Page 1